UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ F.C.

OCT 17 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - W.P.B.

REGINALD EUGENE GRIMES, SR.,
Plaintiff,

CASE NO. 12-80903-CIV-RYSKAMP

MAGISTRATE JUDGE P.A. WHITE

V.

CITY OF RIVERA BEACH, FLORIDA,
OFC. CORNELIUS MCGRIFF #5639,
OFC. CHARLES BAHRUTH #5635,
ASST. CHIEF DAVID IRA HARRIS #1662,
et. al.,
Defendants

PRO SE
AMENDED COMPLAINT

Plaintiff sues Defendants (City of Rivera Beach, Florida,
Ofc. Cornelius McGriff #5639, Ofc. Charles Bahruth #5635, Asst.
Chief David Ira Harris #1662, Ofc. Jose Hernandez #5565, Ofc.
Jeremy Summers #5563, Det. Jeremy Campbell #5782, Ofc. Clau-
dia Hutchinson #5749, Sgt. Joshua Lewis #4393 Sgt. Peter Modica
#4555, Ofc. Jacobs #4953, Sgt. Wilson #?, Ofc. Chris Toffell (#?,
Ofc. D. Colon #?, Ofc. D. Edwards #?, Ofc. Al. Smith #?, Ofc. F. La-
porta #?, Ofc. Ramsey #?, Ofc. E.W. Saunders #?, John Doe #?, Et Al.,)
for the "Illegal Arrest", "Excessive Force", "Arm Robbery", "False



1 of 40

Reports and Statements", "Official Misconduct", "Conceal-ment of Legal Documents", And Failure to Perform Duty required of Officer" in violation of "Plaintiff's" 4th, 5th, and 14th United States Constitutional Amendants, which cause for "Plaintiff's" "Illegal Detention", "Physical", "Mental", "Emotional" and "Financial" "Injuries", "Pain" and "Suffering" in the Amount of $10,000,000.00 dollars and Alleges as for said "Injuries" and "Negligence."

(#1) This is an action for the Illegal Arrest, Excessive Force, Arm Robbery, False Reports and Statements, Official Misconduct, Concealment of Legal Documents, And Failure to Perform Duty Required of Officer in violation of "Plaintiff's" 4th, 5th, And 14th United States Constitutional Amendments, which cause for "Plaintiff's" Illegal Detention, Physical, Mental, Emotional, And Financial, Injuries, Pain, Suffering and Negligence greater than $5,000,000.00 dollars, but less than $15,000,000.00 dollars.

(#2) On July 6, 2011, round About 1:52 A.M., Plaintiff and "Latoya R. Cooper (date of birth 10/6/79)" was driving in the Monroe Heights Area in the City of Riviera Beach, Florida, on the 1100 Block of 24th Street, in the residental area of Plaintiff's Parents (Mr. & Mrs. Leon (Annie) Grimes).

(#3) At no time did Plaintiff commit any type of Traffic Infraction in the process of traveling to Latoya R. Cooper's residence on 34th Street, in Riviera Beach, Florida.

(2 of 40)

(#4) While Plaintiff was at the stop sign on 28th Street and Avenue "O" in the City of Riviera Beach Florida, a UNKNOWN CAR with "No Lights on (Head lights or Interior lights)" pulled up behind Plaintiff's 1997 Purple 4 door tinted window Dodge Neon, in which said manner of the driver of the unknown vehicle, placed Plaintiff and Latoya R. Cooper (passenger), in a Panick State of Mind, because of the unknown drivers actions And because on September 30, 1993, Plaintiff was shot in the back with a Assault rifle by a unknown assailant, and there have been numerous Robberies and shootings in the Palm Beach County, Florida Area. (See Exhibits - "Y" & "AA").

(#5) Once Plaintiff starting driving North on Avenue "O" from 28th Street, said unknown driver of said unknown car behind Plaintiffs CAR, for unknown Reasons turned on their Headlights on High Beam, which caused Plaintiff zero (0) visibility in Plaintiff's Rear View Mirrors.

(#6) While Plaintiff continue to drive to 30th Street and Avenue "O" said unknown CAR behind Plaintiff continued to follow Plaintiff's car close behind with High Beam Headlights shining in Plaintiff's rear View Mirrors which cause Plaintiff to continue to Panick, In which Plaintiff turned on Plaintiff's Emergency Flasher Lights And Plaintiff attempted to find a lighted area to reach at 27 mph.

#7) Once Plaintiff reached 32nd Street and Avenue "M", Plaintiff attempt to turn left in a lighted area, when out of Nowhere "Officer Charles Bahruth #5635," K-9 Unit Officer for The Riviera Beach Police Department deliberately and intentionally crashed into Plaintiff's car (See Exhibit "F" - A copy of page 2 of 5, of the CAD Operation Report, for Call Number 20110706025, Printed 07/06/2011 at 2:39 A.M., for Agency Report No. 84-11-06923), which pushed Plaintiff's car into the concrete curb and on to the lawn of 1190 West 32nd Street, Riviera Beach, Florida, 33404, (See Exhibit "A" - A copy of the photographs to show "Ofc. Charles Bahruth's #5635" Actions of wrecking Plaintiff's car) in violation of Plaintiff's "Constitution of the State of Florida, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches and Seizures) and 23 (Right of privacy); And The United States Constitution Amendments 4th (~~~~~~~~~), 5th (Due Process), And 14th (Due Process).

#8) Plaintiff instructed Latoya R. Cooper (the passenger) that because Plaintiff's car has dark tinted windows, that She (Ms. Cooper) Must take her Identification out of her pocketbook and get out of Plaintiff's car and lay face down on the grassy yard, while Plaintiff exit said car with Driving Licsence in between Plaintiff's left finger tips and wallet in Plaintiff's right hand, while Plaintiff lay face down on the Road next to Plaintiff's car, in which Plaintiff Nor Latoya R. Cooper posed no threat of bodily harm to The Riviera Beach Police Officers or to anyone else.

(4 of 40)

(#9) On July 6, 2011, Round About 2:10 a.m., while Plaintiff lay face down, arms stretched straight above Plaintiff's head, posing No threat of bodily harm to the Riviera Beach Police Officers OR to anyone else, in which Officer Charles Bahruth #5635, placed his Police issued firearm to Plaintiff's head with his (Bahruth's) hand shaking, in which Plaintiff was able to see through Plaintiff's peripheral vision, at that time Plaintiff ask Officer Bahruth, "Sir would You Please remove your gun from my head", in which Officer Charles Bahruth #5635, stated ~~the~~ "Shut up Nigga" twice (2 times), while hitting Plaintiff in the head and face with his (Bahruth's) Riviera Beach Police Department issued firearm, in which is a violation of Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches and Seizures) And 23 (Right of privacy); And a violation of The United States Constitutional Amendments 4th (~~blacked out~~), 5th (Due Process), And 14th (Due Process); And A violation of 18 U.S.C. § 242 (Deprivation of rights under color of law). (See Exhibit-"A" - Please note Plaintiff have Color photographs of Plaintiff's wrecked car and physical injuries, caused by Officer Charles Bahruth #5635).

(#10) Plaintiff would like the records to reflect that "Asst. Chief David Ira Harris #1662" And "Ofc. F. Laporta #?", Witness ~~blacked out~~ Along with "Sgt. Wilson #?", "Ofc. Al. Smith" And "Ofc. O. Colon", The Riviera Beach Police Officers (Charles Bahruth #5635, Cornelius McGriff #5639, Jose Hernandez #5565, Jeremy Summers #5363, Joshua Lewis #4393, Peter Modica #4555, ~~blacked out~~ Jeremy Campbell #5782, And John Doe #? ~~blacked out~~)

Physically Assault Plaintiff And Unknown Officers physically Assault Latoya R. Cooper,[2] while Plaintiff And Latoya R. Cooper Both lay face down on the ground posing No threat of bodily harm to The Riviera Beach Police Officers or to Anyone else. (See Exhibit - "C1" - A copy of Plaintiff's St. Mary's Hospital Documents And See Exhibit - "C2" - A copy of Latoya R. Cooper's Columbia Hospital Documents.), in which is A violation of Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches And Seizures) And 23 (Right of Privacy); And A violation of The United States Constitutional Amendments 4th (~~Searches and Seizures~~), 5th (Due Process), And 14th (Citizenship Rights); and A violation of 18 U.S.C. § 241 (Conspiracy Against Rights), And 18 U.S.C § 242 (Deprivation of Rights under color of law).

#11  On July 6, 2011, round About 2:10 A.M. - 2:15 A.M. Plaintiff's PERSONAL PROPERTY ("670.00 dollars (Six-Hundred And Seventy Dollars)) Along with Ten (10) $20.00 dollar (Twenty Dollar) And Three (3) $60.00 dollar (Sixty Dollar) Comedy Tickets for the July 18, 2011 "RICHARD PRYOR TRIBUTE COMEDY SHOW" At the Airport Hilton Hotel, 150 Australian Avenue, West Palm Beach, Florida, 33406, were Illegally taken from Plaintiff by "Officer Cornelius McGriff #5639", "Sgt. Joshua Lewis #4393", And "Officer O. Colon #? Hernandez" Never returned to Plaintiff, (See Exhibit - "B" - A copy of the different "Comedy Shows" And the "Live Web Show" that Plaintiff participated in which was "The Bernie Mac" And "Richard Pryor" Comedy Shows, And the "Live Web Cam" of

(6 of 40)

the Best "Comedian", "Rapper", "Blues Singers", "R/B Singers", "Country Singers", "Gospel Singers", "Pop Singers" and "Rock 'n Roll Singers") in which said Illegal Acts by Defendants (McGroff, Lewis, Colony, and Hernandez) is a violation of Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches and Seizures) and 23 (Right of Privacy); and a violation of The United States Constitutional Amendments 4th (Search and Seizure), 5th (Due Process) and 14th (Citizenship Rights).

Also review Exhibit—"N"—which is a Palm Beach County Sheriff's Office Property Receipt, that shows value $660, which is impossible for my medication "Diazepam 10 MG Tablets"; Quantity 56, that only cost a total of $28.00 dollars (Twenty-Eight Dollars). (See Exhibit—"L"—A copy of Plaintiff's Patient Profile, dated Range: 1/11/2011 – 7/18/2011, from "Cherry Road Pharamcy, 1280 North Military Trail, West Palm Beach, Fl. 33409).

(#12)  On July 6, 2011, Sgt. Peter Modica #4555, contacted the Medics in behalf of Plaintiff's Injuries (Head, Face, Neck, Back, Wrist, ~~and~~ knees and legs), in which the Medics Staff had Released Plaintiff as though Plaintiff had No ~~in~~ injuries.

"(13)" Please note that the Unknown Officers who Assaulted "Latoya R. Cooper" made her "Urinate" in her clothes, handcuff her and transported her to the Police Station that place her under Duress, Intimidation and Fear".

(7 of 40)

(#13) On July 6, 2011, Officer Claudia Hutchinson #5749, took photographs of Plaintiff's Injuries and the Inside and outside of Plaintiff's car.

(#14) On July 6, 2011, round about 2:35 A.M. Plaintiff was taken to Saint Marys Medical Center, West Palm Beach Florida, because of Plaintiff's Injuries caused by the Defendants (Bahruth, McGriff, Hernandez, Summers, Lewis, Modica, Campbell And John Doe) in which Plaintiff was placed in Room 5 And the Staff at Saint Marys Medical Center "REFUSED" (After Plaintiff's repeated Request) to take Photographs of Plaintiff's Injuries, which cost A Total charge of $1,712.18 (One-Thousand And Seven Hundred And Twelve Dollars And Eighteen Cents), under Patient Reference Number: D571919). See Exhibit-"C-1"-A copy of the Saint Marys Medical Center "Statement" in which consist of "4 of 4"pages.

(#15) On July 6, 2011, Officer Cornelius McGriff #5639 wrote A three (3) page Narrative Report for Agency Report No. 84-11-06923, (See Exhibit-"D") that is deliberately Falsified, in violation of Plaintiff's Florida Constitutional Rights, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches And Seizures), And 23 (Right of Privacy); And A violation of The United States Constitutional Amendments 4th (Search And Seizure), 5th (Due Process) And 14th (Citizenship Rights).

(8 of 40)

Also On July 6, 2011, Officer Cornelius McGriff #56-39, wrote A two (2) page Probable Cause Affidavit for Agency Report No. 84-11-06923 (See Exhibit-"E") that is Perjury under oath, in violation of Plantiff's Florida Constitutional Rights, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches And Seizures) And 23 (Right of Privacy); And A violation of The United States Constitutional Amendments 4th (Search And Seizure), 5th (Due Process), And 14th (Citizenship Rights).

Now this is what makes the Narrative Report (See Exhibit-"D") "Falsified" And the Probable Cause Affidavit (See Exhibit-"E") "Perjury under oath":

(A) Ofc. McGriff states "At 2:20 a.m. he (McGriff) Along with other Defendants witness Plantiff traveling Westbound And failed to stop At the stop sign on 25th Street And Avenue "O"; (See Exhibit-"I" And "W");

(B) Ofc. McGriff states "that based on the traffic Infractory Agents instructed Ofc. Bahruth, driving A marked police car to stop Plantiff's car"; (See Exhibit-"I");

(C) Ofc. McGriff states "Ofc. Bahruth activated lights And sirens on Avenue "O" And West 22nd Str."; ("See Exhibit-"W"-Which states "At 1:54 a.m. Officer Bahruth call detail information And Incident location 3000 Avenue O, Not 25th And Ave. "O" Nor 27th And Ave. "O");

(9 of 40)

(D) Ofc. McGriff states "Plaintiff refused to stop for a marked police vehicle" and "Plaintiff fled from law enforcement at speeds of up to 45 miles per hour";

(E) Ofc. McGriff states "Plaintiff drove in a willful and wanton disregard for road conditions and pedestrians who were present in the roadway"(Ex-"F");

(F) Ofc. McGriff states "that he (McGriff) and Agents and Ofc. Bahreath witness Plaintiff drive in the opposite lane in Asst. Chief David Harris path on 32nd Street, in which Asst. Chief Harris had to drive onto a sidewalk almost ~~strike~~ striking a fence"(Ex-"F");

(G) Ofc. McGriff states "Plaintiff lost control of his (Plaintiff's) vehicle and drove through the front yard at 1190 West 32nd Street"(See Exhibit-"F");

(H) Ofc. McGriff states "Plaintiff exited his vehicle and attempted to flee. After a short foot pursuit, Plaintiff was taken into custody"(See Exhibit-"A");

(I) Ofc. McGriff states "An inventory search of the vehicle was conducted."(See Exhibit-"K"-Inventory Sheet Not Shown);

(J) Ofc. McGriff states "Located by Agent Hernandez under the driver's seat of the vehicle was a yellow pill bottle without a label."(See Ex-"A"-Photographs of Ofc. Joshua Lewis #4393, in Plaintiff's car);

(10 of 40)

(K) Ofc. McGriff states "the bottle contained forty four (44) blue Oxycodone pills, commonly known as "blues";

(L) Ofc. McGriff states "The pills, identified using the Drug Bible, weighed approximately 7.4 grams."; And

(M) Ofc. McGriff states "Plaintiff was taken St. Mary's Hospital for a small laceration Plaintiff sustained during Plaintiffs attempted flight from police." (See Ex. - "C-1").

#16) On July 6, 2011, Officer Charles Bahruth #5635, wrote a one (1) page Narrative Report for Agency Report No. 84-11-06923, (See Exhibit - "I") that is deliberately falsified, in violation of Plaintiff's Florida Constitutional Rights, Article I, Sections 2 (Basic Rights,) 9 (Due Process,) 12 (Searches And Seizures,) And 23 (Right of Privacy); And a violation of The United States Constitutional Amendments 4th (Search And Seizures,) 5th (Due Process,) And 14th (Citizenship Rights).

Now this is what makes the Narrative Report (See Exhibit - "I") "Falsified":

(A) Ofc. Bahruth states "At 2:04 a.m. he (Bahruth) witness Plaintiff traveling west And failed to stop At the stop sign on 25th Street And Avenue "D". (See Exhibit - "W")

(B) Ofc. Bahruth states "I (Bahruth) got behind the vehicle and attempted to initiate a traffic stop in the 2700 Block of Avenue "D", by turning on my (Bahruth) blue lights and siren." (See Exhibit-"W");

(C) Ofc. Bahruth states "The vehicle failed to yield to my (Bahruth's) emergency vehicle and continued to travel north bound on Avenue "D", at approximately thirty five miles per hour." (See Exhibits-"D" and "E", which states 45mph);

(D) Ofc. Bahruth states "A lengthy vehicle pursuit ensued.";

(E) Ofc. Bahruth states "At one point during the pursuit I (Bahruth) observed Assistant Chief Harris traveling west bound in the 1300 Block of West 32nd Street in his correct lane of travel, with his blue lights activated.";

(F) Ofc. Bahruth states "As the pursuit traveled east bound in the 1300 Block of West 32nd Street I (Bahruth) observed the purple Dodge Neon, for an unknown reason, enter Assistant Chief Harris lane of travel forcing Assistant Chief Harris to drive his vehicle onto the sidewalk to avoid being struck by the purple Dodge Neon." (See Exhibit-"F");

(G) Ofc. Bahruth states "It should be noted that several times during the pursuit I (Bahruth) observed the driver of the purple Dodge Neon, make several furtive movements towards the center console area and passenger side floorboard area of the vehicle". (See Exhibit-"A"-Which has dark tinted windows);

12 of 40

(H) Ofc. Bahruth states "The vehicle pursuit ended when the driver of the purple Dodge Neon lost control of the vehicle and crashed into the front yard of 1180 West 32nd Street.". (See Exhibit—"H") Which shows Bahruth crash into Plaintiff's car) And Exhibit—"F");

(I) Ofc. Bahruth states "At that time I observed the driver of the vehicle, later identified as Plaintiff, exit the driver's side door and attempt to flee by running east bound direction, Plaintiff was apprehended by other units a short distance later."; ~~And~~ (See Exhibit—"A")

(J) Ofc. Bahruth states "I (Bahruth) had no further contact with Plaintiff. "(Exhibit—"A");

(#17) On July 6, 2011, Assisant Chief David-Ira Harris #1662, wrote a one (1) page Narrative Report for Agency Report No. 84-11-06923 (See Exhibit—"J") that is deliberately falsified, in violation of Plaintiff's Florida Constitutional Rights, Article I, Sections 2 (Basic Rights), 9 (Due Process) 12 (Searches And Seizures), And 23 (Right of Privacy); And A violation of The United States Constitutional Amendments 4th (Search And Seizures), 5th (Due Process), And 14th (Citizenship Rights).

Now this is what makes the Narrative Report (See Exhibit—"J") "Falsified":

(A) Asst. Chief HARRIS states "Ofc. Bahruth Attempted to Stop A vehicle in the 2700 block of Avenue O". (Ex. "W"');

(B) Asst. Chief HARRIS states "The driver of the vehicle Refused to stop while Officer Bahruth had his Siren and Lights Activated". (See Ex. "A");

(C) Asst. Chief HARRIS states "I (Asst. Chief Harris) proceed- ed to travel westbound on West 32 Street from Avenue O". (See Ex. "F" Which Never states "HARRIS" was on 32nd Str.);

(D) Asst. Chief HARRIS states "I stopped my ~~Police the~~ Police Vehicle in the West Bound lane of traffic, in the 1300 Block of West 32 Street". (See Ex. "F");

(E) Asst. Chief HARRIS states "I Activated my Blue Lights And wig wags". (See Ex. "F");

(F) Asst. Chief HARRIS states "The driver of the Neon was in the east bound lane, 1400 block of West 32 Street". (Ex. "F");

(G) Asst. Chief HARRIS states "In the 1300 Block, The driver proceeded to change lanes and ~~then~~ travel in the West bound lane, Now driving directly toward my (HARRIS) vehicle". (Ex. "F");

(H) Asst. Chief HARRIS states "My (HARRIS) vehicle was stopped in the proper lane of traffic". (see Ex. "F");

(I) Asst. Chief Harris states "I immediately had to conduct evasive maneuvers and drive my (HARRIS) vehicle onto the side walk." (Ex. - "F");

(J) Asst. Chief HARRIS states "The driver continued in my (HARRIS) lane until he reached West 32 Street and Avenue "O";

(K) Asst. Chief HARRIS states "After A short distance of this encounter Driver lost control of the vehicle and crashed in the yard of 1180 West 32 Street". (Ex - "F");

(L) Asst. Chief HARRIS states "The driver of this vehicle intentionally drove into the westbound lane of traffic to crash into my (HARRIS) vehicle"; and (See Ex. - "F");

(M) Asst. Chief HARRIS states "I (HARRIS) had to drive my vehicle completely onto the side walk to stop from being struck by the vehicle". (See Exhibit - "F");

(#18) On July 6, 2011, Plaintiff was Illegally arrested by "Officer Charles Bahruth #5635" And Falsely charged by "Officer Cornelius McGriff #5639; with the following:

"Trafficking in Oxycodone", Fla. Stat § 893.135(1)(c)(1a;

"Aggravated Assault on Law Enforcement Officer (Motor Vehicle)", Fla. Stat § 784.07 (2)(c);

"Felony, Fleeing to Elude Marked Police Vehicle", Fla. Stat. § 316-1935(2);

"Resisting Arrest <u>without violence</u>", Fla. Stat. § 843.02;

"Criminal Mischief, less than $300.00", Fla. Stat § 806.13(b)(1); (See Exhibit-"E" - A copy of the "Probable Cause Affidavit") Florida Uniform Traffic Citation (s):

7054-GHF - Violation of a "Traffic Control Device (See Exhibit-"G") which states the following for Fla. Stat 316.074(1):

(A) That Plaintiff was traveling <u>East</u> on the 2500 Block of Avenue "O", on July 6 2011, at <u>2:20 A.M.</u> (See Ex.-"W");

(B) Aggressive Driving "<u>No</u>";

(C) Crash "<u>No</u>";

(D) Property Damage "<u>No</u>";

(E) Injury to Another "<u>No</u>";

(F) Serious Bodily Injure to Another "<u>No</u>"; And

16 of 40

(G) Fatal "No";

in which also states "Infraction Which Does Not Require Appearance in Court"; And

7055-GHF-violation of a "Felony Fleeing to Elude (see Exhibit-"H")" which states the following for Fla. Stat. 316 1935(2):

(A) That Plaintiff was traveling North on the 2700 Block of Avenue "O", on July 6, 2011, at 2:20 A.M., when said "Alleged Felony fleeing to elude marked police vehicle"; Allegedly occurred And Officer Charles Bahruth #5635, was the witness; (Ex-"W");

(B) "No" Unlawful speed;

(C) Careless Driving "No";

(D) "No" Improper Change of Lane or Course;

(E) Aggressive Driving "No";

(F) Crash "No";

(G) Property Damage "No";

(H) Injury to Another "No";

(I) Serious Bodily Injure to Another "No"; And

(J) Fatal "<u>No</u>";

In which had also stated before being crossed out "Infraction Which Does Not Require Appearance in Court.

(#19) Plaintiff would like the records to reflect that "Officer Cornelius McGriff #5639" on July 6, 2011, wrote a "Narrative Report (See Exhibit-"D")", And a "Probable Cause Affidavit (See Exhibit-"E"), for Agency Report No. 84-11-06923, which <u>both</u> state "pursuit (See Attached CAD Operations Report)"; And the "Probable Cause" fail to state "Further Investigation of the pills found in the vehicle was conducted to verify its identity As Grimes stated that the pills were not Oxycodone" (See Exhibit-"D" And compare to Exhibit-"E") In which is a violation of Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search And Seizures); And, a violation of The United States Constitutional Amendments 4th (Search And Seizure) 5th (Due Process), And 14th (Citizenship Rights).

(#20) On July 6, 2011, "Sgt. Joshua Lewis #4393" conducted a Illegal Search of Plaintiff's 1992 purple Dodge Neon by looking In the closed console and Retrieved Plaintiff's Medication (44 Diazepam 10MG Tablets) that was prescribed to Plaintiff And obtained on June 29, 2011, in which Plaintiff start taking On June 30, 2011 until July 5, 2011, (Two (2) a day which added up to Twelve (12), subtract 56, leaves 44) And Either "Sgt. Joshua Lewis #4393" or "Officer Jose Hernandez #5565" Removed Plaintiff's Medicine label off of Plaintiff's Medicine Bottle,

(See Exhibit- "A") in which is a violation of Plaintiff's Rights under Florida Constitutional, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search and Seizures) And 23 (Right of Privacy); And a violation of The United States Constitutional Amendments 4th (Search and Seizures), 5th (Due Process), And 14th (Citizenship Rights), in which NO INVENTORY SEARCH FORM, WAS EVER prepared in behalf of Agency Report No. 84-11-06923, for the Illegal Search of Plaintiff's car on July 6, 2011. (See Ex. - "K" - Shows No Inventory Search Form);

(#21) On July 6, 2011, At 2:34 A.m, for Call Number: 20110-706025 (CAD Operations Report), in behalf of Agency Report No. 84-11-06923, A five (5) page "CAD Operations Report" was printed but The Riviera Beach Police Department "ONLY" supplied page "2 of 5" (See Exhibit - "F" - Page 2 of 5, of the July 6, 2011 CAD Operations Report, Printed at 2:34 A.m. for Call Number: 20110706025), which means that pages 1 of 5, 3 of 5, 4 of 5, And 5 of 5 ARE Missing And A complete Review of Exhibit - "D" And Exhibit - "E", Shows that the "CAD Operations Report" is a part of the Narrative Report And Probable Cause Affidavit, that was prepared by "Officer Cornelius Mc Griff #5639, and said Missing pages (1 of 5, 3 of 5, 4 of 5, And 5 of 5) makes the "Probable Cause Affidavit "for Agency Report No. 84-11-06923 Incomplete And Not A Valid Legal Document And A violation of Plaintiff's Rights under Florida Constitutional, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search And Seizures); and a violation of The United States Constitution

(19 of 40)

Amendments 4th (Search And Seizures), 5th (Due Process), And 14th (Citizenship Rights).

(#22) On July 6, 2011, a "Felony Division Evidence Checklist" (See Exhibit-"K") was prepared by "Officer John Doe #?" of The Riviera Beach Police Department, that states "Other: All Evidence Listed in police reports", in which means the "CAD Operations Report" Call Number: 2011-0-706025, Printed July 6, 2011 at 2:34 A.M., which consist of "Five (5) Pages" is Apart of The Probable Cause Affidavit for Agency Report No. 84-11-06923, that makes it (The Probable Cause Affidavit) Complete And a Legal Document, And without the "Five (5) Page" CAD Operations Report makes Plaintiff's Incarceration Illegal And a violation of Plaintiff's Rights under Florida Constitutions, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search And Seizures) And 23 (Rights of "Privacy"); And a violation of The United States Constitutional Amendments: 4th (Search And Seizures), 5th (Due Process), And 14th (Citizenship Rights).

(#23) On July 6, 2011, Plaintiff Repeatedly Request that the Palm Beach County Sheriff's Office, Main Detention Center, Intake Deputy (Deputy Hanph #6960) take Photographs of Plaintiff's "Injuries" that were completely visible, in which the Arresting Officer (Cornelius Mc Griff #5639) Advised Intake Deputy Hanph #6960, not to take Any Photographs of Plaintiff's "Injuries" And They (The Intake Deputies) Did Not take the Required Photographs of Plaintiff's Injuries upon en-

tering said Palm Beach County Sheriff's Main Detention Center Facility, (See Exhibit - "M" - A copy of the "Arrest / Notice to Appear Report ~~~~~ (2 pages) dated July 6, 2011, And signed by the Intake Deputy (Deputy Haugh #6860) And Officer Cornelius McGriff #5639), in which is a violation of Plaintiff's Rights under Florida Constitutions, Article I, Sections 2 (Basic Rights) 9 (Due Process) And 17 (Excessive Punishments) And A violation of The United States Constitutional Amendments 4th (Excessive Force), 5th (Due Process), And 14th (Citizenship Rights).

(#24) On July 7, 2011, A Palm Beach County Sheriff's Office Property Receipt, was prepared ~ by The Riviera Beach Police Department, in behalf of Agency Report No. 84-11-06923, which states:

     Item # - 1
     Qty. - 44
     Value - $660
     Description of Property - yellow pill bottle w/o label containing 44 Oxycodone. (See Exhibit - "N").

(#25) On July 12, 2011, the Investigator for The Public Defender's Office, in West Palm Beach, Florida, came to The Palm Beach County Sheriff's Main Detention Center, And took Photographs of Plaintiff's Injuries. (See Exhibit - "A")

Also on July 12, 2011, Latoya R. Cooper filed a "Affidavit of Complaint" And "Citizen - Officer Complaint Form" for CAD #11-0706025 for the July 6, 2011 Assaults, (See Exhibit - "Y") On Cooper & Plaintiff.

(#26) On July 14, 2011, Public Defender Nicole Jones, I.D. #67-4966, Received a copy of Plaintiff's Patient Profile, dated Ranges 1/1/2011 - 7/18/2011, from Cherry Road Pharamcy, 1280 North Military Trail, West Palm Beach, Fl. 33409, (See Exhibit – "L"), that shows Plaintiff's prescribed Medication that was received on June 29, 2011.

(#27) On July 20, 2011, (ASA) Thomas S. Lawson, I.D. #372536, wrote a Florida Uniform Traffic Citation 4679-GPH-Trafficking in Oxycodone, Fla. Stat. 893.135 (1)(c)(1a), (See Exhibit – "O"), in behalf of the Illegal Arrest of Plaintiff on July 6, 2011.

(#28) On July 22, 2011, (ASA) Thomas S. Lawson I.D. #37-2536, filed charges against Plaintiff in behalf of the July 6, 2011, Illegal Stop, Arrest, Excessive Force, And Falsified Probable Cause Affidavit, for Agency Report No. 84-11-D69233, (See Exhibit – "P"), in which Plaintiff was Armed Robbery.

(#29) On July 28, 2011, The Palm Beach County Sheriff's Senior Forensic Scientist (Ms. Beth R. Rosenthal) filed a Chemistry Report (See Exhibit – "Q"), that shows the "Result And Conclusions" for Plaintiff's Medication is "44 blue half-scored tablets, "10" Z/3927" Are "DIAZEPAM" Schedule IV And Not Oxycodone, in which said "Results" were supplied to The Rivera Beach Police Department And The State Attorney's Office on July 28, 2016

(#30) On November 30, 2011, (Please keep in mind that The Riv-
iera Beach Police Department And The State Attorney's Office, on
July 28, 2011 (Four Months prior) both received "Exhibit - "Q" " "which
shows "DIAZEPAM" Schedule IV, Medication), Officer Cornelius
McGriff #5639, prepared a "Knowingly", "Deliberate", "False"
"Perjured", "Misleading", And "Incomplete" Affidavit And
Application for Search Warrant, that was Reviewed And
Approved by (ASA) Thomas S. Lawson, I.D. #372536, that
was presented to The Honorable Circuit Judge KATHLEEN
KROLL, In And For Palm Beach County, Florida, for the 15th
Judicial Circuit, In order to ~~obtain~~ obtain A "Illegal
Search Warrant" for Plantiff's "Deoxyribonucleic Acid
(DNA)" by stating the following (See Exhibit - "R"):

(A) That a felony has been committed, to wit: Traffick-
ing in Oxycodone, in violation of Florida State Statue
893.135 (1)(c)(A)? (See Ex - "Q");

(B) Ofc. McGriff states "At 2:20 A.M. on July 6, 2011,
he (McGriff) Along with other Defendants (Summers, Camp-
bell, And Hernandez) witness Plantiff traveling west-
bound and failed to stop At the stop sign on 25th Street
And Avenue "D" "(See Ex - "I" & "W");

(C) Ofc. McGriff states "that based on the traffic infrac-
tion, Agents instructed Ofc Bahruth driving A marked
police car to stop Plantiff's car"(See Ex - "I");

(23 of 40)

(D) Ofc. McGriff states "Ofc. Bahruth Activated lights And Sirens on Avenue "D" And West 27th Street"; (Ex-"W");

(E) Ofc. McGriff states "Plaintiff refused to stop for A Marked police vehicle" and "Plaintiff fled from law enforcement At speeds of up to 45 miles per hour" (Ex-"I");

(F) Ofc. McGriff "Deliberately Removed "pursuit (See Attached CAD Operations Report)"from the "Affidavit And Application for Search Warrant "(See Ex's —"D" "E" & "R")"; in which Judge Kathleen Kroll Never Knew;

(G) Ofc. McGriff states "Plaintiff drove in a willful And wanton disregard for Road conditions and pedestrains who were present in the Roadway" (Ex-"F");

(H) Ofc. McGriff states "that he (McGriff) And Agents And Ofc. Bahruth witness Plaintiff drive in the opposite lane in Asst. Chief David Harris path on 32nd Street, in which Asst. Chief Harris had to drive onto A sidewalk Almost striking a fence"; (See Ex-"F");

(I) Ofc. McGriff states "Plaintiff lost control of his (Plaintiffs) vehicle And drove through the front yard At 1190 West 32nd Street"; (See Exhibit-"A" And "F");

(J) Ofc. McGriff states "Plaintiff Exited his vehicle And Attempted to flee. After a short foot pursuit, Plaintiff was taken into custody <u>after struggling to gain control of him due to his Active Resistance</u>".

Now what Ofc. McGriff has done is after four (4) Months And twenty-four (24) days (from July 6, 2011 Until November 30, 2011) is Added from out of Nowhere these words for Probable Cause:

"After struggling to gain control of him due to his Active Resistance", (See Ex's-"D" & "E").

(K) Ofc. McGriff states "An Inventory search of the Vehicle was conducted", (See Ex-"F"), Re which there is "No inventory search list on Record for Agency Report No. 84-11-06923."

(L) Ofc. McGriff states "Located by Agent Hernandez Under the driver's seat of the vehicle was a yellow pill bottle without A label, "(See Ex-"A"-Photographs of Ofc Joshua Lewis #4393, Re Plaintiff's car);

(M) Ofc. McGriff states "The bottle contained forty four (44) blue Oxycodone pills, commonly known as "blues", (See Ex.-"Q"), Re which Ofc. McGriff Knew that said statement was made under Perjury because since July 28, 2011 All Defendants (McGriff, Et Al.) Knew that Plaintiff's Medications

25 of 40

WAS In fact "Diazepam" And Not Oxycodone;

(N) Ofc. McGriff states "The pills, I identified using the Drug Bible, weighed approximately 7.4 grams."; And

(O) Ofc. McGriff states "Plaintiff was taken St. Mary's Hospital for a small laceration Plaintiff sustained during Plaintiff's attempted flight from police." (See Ex - "A" And "C-[");

(P) Ofc. McGriff stated "Oxycodone" Seven (7) times in the "Affidavit And Application for Search Warrant" dated November 30, 2011, when he (McGriff) knew since July 28, 2011, that Plaintiff's Medication was and is Diazepam, A Schedule IV." (See Ex - "Q").

Plaintiff would like the records to reflect Ofc. Cornelius McGriff #3639, Deliberately Falsified the "Affidavit And Application for Search Warrant" (See Ex - "R") in violation of Plaintiff's Rights under Florida's Constitution, Article I, Sections 2 (Basic Rights) 9 (Due Process), 12 (Search And Seizures), And 23 (Right of Privacy); And A violation of The United States Constitutional Amendments 4th (Search And Seizures), 5th (Due Process), And 14th (Citizenship Rights).

(#31) On November 30, 2011, The Honorable Circuit Judge KATHLEEN KROLL, signed the Illegal Search Warrant to seize Plaintiff's "Deoxyribonucliec Acid (DNA). (See Ex - "S").

Plaintiff would like the records to reflect that said Illegal Search Warrant is a violation of Florida's Constitutional Rights, Article I, Section 2 (Basic Rights), 9 (Due Process), 12 (Search and Seizures), and 23 (Rights of Privacy), And a violation of The United States Constitutional (Amendments 4th (Search and Seizures), 5th (Due Process), and 14th (Citizenship Rights).

(#32) On November 30, 2011, Officers Cornelius McGriff #5639 and Christoffell #?, both officers for The Riviera Beach Police Department, knowingly presented the "Illegal Search Warrant" to the Palm Beach County Sheriff's Office, Main Detention Center, Staff (CSP Maze) and (Deputy Phillips), In West Palm Beach, Florida, in order to Illegally obtain Plaintiff's "Deoxyribonucleic Acid (DNA)", in which Officers Cornelius McGriff #5639 and Christoffell #?, came in the County Jail on the 4th floor in the South Tower at 12:23 p.m. and presented Plaintiff the "Illegal Search Warrant" And stated aggressively to Plaintiff, that said Requested "DNA" must be given by "Choice" or "Force", in which Plaintiff supplied Against Plaintiff's "Free Will", in the presence of "Deputy Phillips". (See Exhibit - "T" - The Inventory and Return Sheet).

Now the following should be noted:

(A) "Officers Cornelius McGriff and Christoffell" both wore At all times their "Black Personal (Street Gloves)" during the Illegal taking of Plaintiff's "DNA";

(27 of 40)

(B) Officer Cornelius McGriff #5639, had in his possession two (2) different "DNA Swabs";

(C) Officer Cornelius McGriff #5639, never showed Plaintiff Any type of Numbering or marking on Either "DNA Swab" nor did Officer Cornelius McGriff #5639, show Plaintiff which "DNA Swab" he (McGriff) used;

(D) Officer Cornelius McGriff #5639 open only one (1)"DNA Swab" Awhile wearing said "Black Personal Gloves"; And pull said "DNA Swab" from it's package And handed it to Plaintiff, to Illegally obtain Plaintiff's "DNA";

(E) Officer Cornelius McGriff #5639 Retrieved said "DNA Swab" from Plaintiff while continuing to wear said Personal Black Street Gloves;

(F) Plaintiff is completely unaware of the location of Plaintiff's "DNA" At this time And there is No Record of said "DNA";

(G) Plaintiff's Live DNA is in the hands of Ofc. Cornelius McGriff #5639, or Ofc. Christoffell #?, or Who knows?

Plaintiff would like the records to reflect that because of Officers Cornelius McGriff's #5639 And Christoffell #? Actions on November 30, 2011, in behalf of the July 6, 2011, Illegal ~~Presents~~ Stop And Arrest, Excessive force, Aggravated Assault, Arm Robbery, Illegal Search and Seizures, Aggravated ~~assa~~ ~~assa~~ battery, False Reporting to law enforcement, Falsifying records,

Perjury during official proceedings, official misconduct, concealment of Legal Documents, grand theft and failure to perform duty required of Officer, in which is a violation of Plaintiff's Rights under Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search and Seizures), 17 (Excessive force), and 23 (Right of Privacy); and a violation of The United States Constitutional Amendments 4th (Excessive Force; & Search and Seizures), 5th (Due Process), and 14th (Citizenship Rights).

(#33) On January 25, 2012, (ASA) Thomas S. Lawson, I.A. #372536, wrote a Traffic Citation #5632-GUE-"Possession of Schedule IV Substance", Fla. Stat. 893.13(6)(a). (See Ex.-"U")

(#34) On January 26, 2012 (Six (6) Months After Receiving Exhibit -"Q"), (ASA) Thomas S. Lawson, I.D. #372536, filed a "Amended Information against Plaintiff in behalf of the July 6 2011, Illegal Stop, Arrest, Excessive Force and Falsified Probable Cause Affidavit, for Agency Report No. 84-11-06923, (See Exhibit-"Y"), in which Plaintiff was Armed Robbed.

(#35) On February 13, 2012, Ofc. Cornelius McGriff #5639, provided a "Total Different CAD Operations Report" which consist of 6 pages, that is not the July 6, 2011, CAD Operations Report that consist of 5 pages, for Call Number: 20110706025, Printed at 2:34 A.M. (See Exhibits-"W" & "F") that's alleged in the Narrative Report (See Exhibit-"D") and Probable Cause Affidavit (See Exhibit-"E") in which is a violation of Plaintiff's 4th, 5th, & 14th United

(#37) Plaintiff would like the records to Reflect that The City of Riviera Beach Police Department is Attempting to Conseal "Clear And Convincing evidence", in which on September 10, 2012, The Law Office of Glen J. Torcivia And Associates, P.A., Northpoint Corporate Center, 701 Northpoint Parkway, Suite 209, West Palm Beach, Florida, 33407-1950, stated to Plaintiff the following:

"In addition, as to your request for Latoya R. Cooper's July 12, 2011 "Citizen-Officer Complaint", the Police Department, including the Department's Internal Affairs division, has no records responsive to that request." (See Exhibit "Z" — The September 10, 2012, letter to Plaintiff from The City of Riviera Beach Police Department, The Law Office of Glen J. Torcivia And Associates, P.A., Northpoint Corporate Center, 701 Northpoint Parkway, Suite 209, West Palm Beach, Florida, 33407)"

Now Plaintiff ask that is Exhibits - "Y-1" And "Y-2" ("Y-1" is the July 12, 2011 "Affidavit of Complaint" for CAD #11-0706025, in behalf of Agency Report No. 84-11-06923, taken by Riviera Beach Police Officer "Lt. R. Wells", in behalf of Latoya R. Cooper) And ("Y-2" is the July 12, 2011, "Citizen-Officer Complaint Form" for CAD #11-0706025, in behalf of Agency Report No. 84-11-06923, taken by Riviera Beach Police Officer "Lt. R. Wells #3099", in behalf of Latoya R. Cooper), the Only record that "Latoya R. Cooper" filed A complaint About the ~~illegal~~ " Illegal Acts that took place

States Constitutional Amendments.

(#36) Plaintiff would like the records to reflect that since July of 2011, Plaintiff have been complaining about Plaintiff's "Head", "Neck", and "Back Injuries" that has Plaintiff in continuing "Pain", all because of Officers? (Charles Bahruth #5635, Cornelius McGriff #5639, Jose Hernandez #5565, Jeremy Summers #5563, Joshua Lewis #4393, Peter Modica #4555, Jeremy Campbell #5782, and John Doe #?); Physical Assault of Plaintiff by crashing Plaintiff's car and by hitting Plaintiff in the Head and Face with his (Bahruth's) firearm, and the Physical Assault of Plaintiff by (Bahruth, McGriff, Hernandez, Summers, Lewis, Modica, Campbell, and John Doe), in which Asst. Chief David Ira Harris #1662, Ofc. F. Laporta #?, Sgt. Wilson #?, Ofc. Al Smith #?, Ofc. Colon #? "Witness" said Physical Assault and never attempt to stop said Officers of The Riviera Beach Police Department from Physically Assaulting Plaintiff, in which is in violation of Plaintiff's 4th, 5th, and 14th United States Constitutional Amendments; in which happen on July 6, 2011, and Plaintiff Suffers Right Now today. (See Exhibit "X". — The copies of all of Plaintiff's "Sick Call Request" to "Armor Correctional Health, Inc, at The Palm Beach County Sheriff's Office, Main Detention Center, in West Palm Beach ~~Florida~~ Florida).

(2) Please note that "The City of Riviera Beach, Florida is Completely Responsible for the actions of Each "Riviera Beach Police Officer" while on Duty, working to protect the "Citizens" of Riviera Beach, Florida and any Human within the boundaries.

On July 6, 2011, by the Officers of The Riviera Beach Police Officers, in behalf of Agency Report No. 84-11-06923? OR is there a "Written" or "Recorded" Statement to support said documents ("Y-1" and "Y-2")?

The concealment of "Latoya R. Cooper's-" July 12, 2011, Statement of Complaint for Agency Report No. 84-11-069-23, CAD # 11-0706025, is a complete violation of Plaintiff's 4th, 5th, and 14th United States Constitutional Amendments.

(#38) Plaintiff would like the records to reflect that based on the DEFENDANTS (City of Riviera Beach, Florida, and the Officers: Cornelius McGriff #5639, Charles Bahreuth #5635, David Ira Harris #1662, Jose Hernandez #5565, Jeremy Summers, Jeremy Campbell #5782, Claudia Hutchinson #5749, Joshua Lewis #8393, Peter Modica #1555, Jacobs #9953, Wilson, Christoffell, Colon, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, et al.,) actions on July 6, 2011, until October, 2012, for the "Illegal Stop, Arrest, Excessive Force, Armed Robbery, False Reports and statements, Official Misconduct, Concealment of legal documents, and failure to perform duty required of Officer, is in violation of 18 U.S.C. § 241 (Conspiracy Against Rights), 18 U.S.C. § 242 (Deprivation of Rights under color of Law), Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches and Seizures), 17 (Excessive Punishment), and 23 (Right of Privacy); and a violation

of the United States Constitutional Amendments 4th (Search and Seizures; Excessive Force), 5th (Due Process), And 14th (Citizenship Rights), which cause Plaintiff to "Suffer" the following "Illegal Detentions and Seizure," "Physical, Mental, Emotional and Financial Injuries and Pain" because of Defendants "Negligence":

(A) Plaintiff suffered on July 6, 2011 and still suffers "Head, Neck, Face, Back, Wrist, Knees and Legs" Injuries (Excessive force);

(B) Plaintiff's car a purple 1997 Dodge Neon 4 door is completely totaled because of Officer Charles Bahruth's #5635, actions of deliberately using a "Issued" Riviera Beach Police Department K-9 Unit vehicle to run into the back left side of Plaintiff's vehicle, that pushed Plaintiff's vehicle into a curb and into the front yard of 1190 west 32nd Street;

(C) Plaintiff's $670.00 dollars, ten $20.00 dollar And three $60.00 dollar Comedy tickets were Illegally taken from Plaintiff And never returned by Defendant(s);

(D) Plaintiff's Medical Treatment have been Discontinued because of said Illegal Incarceration, in which Plaintiff suffered A "Back Injury" And "Head" And "Neck" Injury before July 6 2011, And said Defendants Illegal Acts caused said Injuries to Hurt Much More;

(33 of 40)

(E) Plaintiff's "Teeth" and "Gum line" have not been clean since Plaintiff's Illegal Incarceration (July 6, 2011 for Agency Report No. 84-11-06923) and Plaintiff have lost two (2) teeth because of lack of everyday hygiene care, which cause Plaintiff oral abscesses, pain, discomfort, tooth and gum decay, which cause periodontal disease and could contribute to endocarditis, in which said plaque could travel through Plaintiff's gums and into the bloodstream that could gather in Plaintiff's heart and cause a bacterial infection that could kill Plaintiff and Plaintiff's Gold Crown will not be fix by Dental;

(F) Plaintiff's Family Relationship have been Destroyed because of said Illegal Incarceration, since July 6, 2011 for Agency Report No. 84-11-06923;

(G) Plaintiff's "Credit" have been Destroyed because Plaintiff can not keep said credit in order by paying on said debt do to Plaintiff's Illegal Incarceration since July 6, 2011 for Agency Report No. 84-11-06923;

(H) Plaintiff's contribution to the Youth in the Communities of Palm Beach County, Florida and surrounding counties (Dade and Broward), in the poverty struggling areas, by being a Mentor, have been Destroyed and Plaintiff's credibility is in question because of said Illegal Incarceration for Agency Report No. 84-11-06923; and



34 of 40

(I) Plantiff's Business Ventures have been Destroyed because of said Illegal Incarceration for Agency Report No. 84-11-06923, in which the following are some of Plantiff's Business Ventures that have fail:

#1). Plaintiff was a Key figure in Promotion of Comedy Shows (Hail to the King Comedy Tour, A Tribute to Bernie Mac; Real Raw Entertainment Presents, A Tribute to Richard Pryor), Etc;

#2). Plantiff was the Vice President And Vice President of Operations for "Dome Shot Entertainment";

#3). Plantiff was the General Manager of the Street Team for "The Kouncil Inc.", in which Plantiff sat on the Broad of Directors;

#4). Plaintiff was the General Manager of the Street Team, And a Major Promotor for "The REAL" which means "Real Entertainers And Lovers" that is on "www.akpsty.com", And on "Quillenium.com", And Sponsorshiped by "Budweiser, King of Beer","2nk Distributing Company"; "Quillenium Entertainment Inc.", "FWE (Free Way Entertainment)"; "APS TV"; "Ring Boyz Legend"; And "Chinadoll"; in which had 5 mil. viewers;

#5). Plaintiff Non-Profit Organization "HELP (High Energy Learning in Progress)", which was design with All Walks of Human Life in Mind, to give those that don't possess a Better outlook on the Positive, life has to offer;

#6). Plaintiff have created a Unisex Back Brace for men and women, on which said Illegal Arrest and continued Incarceration for Agency Report No. 84-11-06923, caused Plaintiff's Investors to longer have interest in Plaintiff's Idea";

#7). Plaintiff have created a Computerize Video Game, in which said Illegal Incarceration for Agency Report No. 84-11-06923, caused Plaintiff's Investors to longer have interest in Plaintiff's Idea.

## RELIEF REQUESTED

(A) The Probable Cause Affidavit for Agency Report No. 84-11-06923, in behalf of the July 6, 2011, Illegal Stop, Search, Seizure and Arrest of Plaintiff for Criminal Case No. 2011CF-00 7124AMB, Booking No. 2011036751, should be "Dismissed with Prejudice";

(B) Plaintiff would request that all charges "Criminal and Citations ("See Exhibits "D", "E", "G", "H", "M", "O", "P", "U", And "V") be "Deleted" out of All computers (Riviera Beach Police Department 600 West Blue Heron Blvd, Riviera Beach Fl. 33404; Palm Beach County Sheriff's Office, 3228 Gun Club Road, West Palm Beach, Fl. 33406; The Palm Beach County Courthouse (Criminal Division) 205 North Dixie Hwy., West Palm Beach, Fl. 33401; The State Attorney's Office, 401 North Dixie Hwy., West Palm Beach Fl. 33401; The Public Defender's Office, 421 North Dixie Hwy.; West Palm Beach, Fl. 33401; And Any Other Courthouse; Law

Enforcement or Agency that could or would have said Illegal Charges on Record;

(C) Plaintiff would Request to be Awarded the following $100,000.00 in compensatory damages payable individually by The City of Riviera Beach, Florida, McGriff, Bahruth, Harris, Hernandez, Summers, Campbell, Hutchinson, Lewis, Modica, Jacobs, Wilson, Christoffell, Colon, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, Et al.;

(D) Plaintiff would Request to be Awarded the following $100,000.00 in punitive damages payable individually by The City of Riviera Beach, Florida, McGriff, Bahruth, Harris, Hernandez, Summers, Campbell, Hutchinson, Lewis, Modica, Jacobs, Wilson, Christoffell, Colon, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, Et al.;

(E) Plaintiff would request to be Awarded the following $1,000,000.00 in future and irreparable damages in behalf of Plaintiff's "Illegal Detention", "Physical", "Mental", "Emotional" And "Financial" Injuries, Pain and Suffering and Illegal Acts by The City of Riviera Beach, Florida, McGriff, Bahruth, Harris, Hernandez, Summers, Campbell, Hutchinson, Lewis, Modica, Jacobs, Wilson, Christoffell, Colon, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, Et al., in violation of Plaintiff's 4th, 5th, and 14th United States Constitutional Amendments, And Any Other Relief Deems Just, in behalf of the Negligence cause by the Defendants;

(F) Plaintiff would Request for entitlement to A reason-Able Attorney fee And Any other cost, Negligence in behalf of Defendants.

(G) Plaintiff would like the records to reflect that if the Defendants (The City of Riviera Beach, Florida, McGriff, Bah-ruth, Harris, Hernandez, Summers, Campbell, Hutchinson, Lewis, Modica, Jacobs, Wilson, Chrisstoffell, Colon, Ed-wards, Smith, Laporta, Ramsey, Saunders, John Doe, Et Al.), Refuse to Accommodate Plaintiff by said "Relief Request-ed, in (A) thur (F)", then Plaintiff would DEMAND A JURY TRIAL, in behalf of said "Injuries", "Criminal And Constitutional Violations and Negligence.

WHEREFORE, Plaintiff Demands Judgment against Defendants (The City of Riviera Beach, Florida, McGriff, Bahruth, Harris, And Et Al.), for $100,000.00 in compensa-tory And punitive damages payable individually And Plaintiff would Request $10,000,000.00 in future and irreparable damages in behalf of Plaintiff's "Illegal Detention", Phy-sical, Mental, Emotional and Financial, Injuries, Pain And Suffering and Illegal Acts by Defendants, in violation of Plaintiff's 4th, 5th, And 14th United States Constitu-tional Amendments and Defendants Negligence.



38 of 40

## OATH

I HEREBY SWEAR that under Penalty of Perjury that the contents of the foregoing Are True And Correct.

Executed on October 10, 2012.

_John A. DeZolt_
Notary

Notary Public State of Florida
John A DeZolt
My Commission EE 830917
Expires 08/28/2016

By: _Reginald Eugene Grimes Sr._
Reginald Eugene Grimes, Sr.
(Date of Birth: August 15, 1963)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A True And Correct copy of the foregoing was Mailed "October 10, 2012", to the below listed Along with Exhibits (A) thur (AA):

Clerk of Court
United States District Court
Southern District of Florida
701 Clematis Street
West Palm Beach, Fl. 33401

Clerk of Court
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, Fl. 33128

The Honorable District Judge
KENNETH L. RYSKAMP
United States District Court
Southern District of Florida
701 Clematis Street
West Palm Beach, Fl. 33401

The Magistrate Judge
PATRICK A WHITE
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, Fl. 33128

Victoria L. Olds, Esq.
(Attorney for the Defendants)
Olds, Stephens & Harper, P.A.
312 11th Street
West Palm Beach, Fl. 33401

Christy L. Goldeau, Esq.
(Attorney for Riv. Bch Police)
(Department
701 Northpoint Parkway
Suite 209
West Palm Beach, Fl. 33407

Clarence D. Williams III, Chief of Police
The Riviera Beach Police Department
600 West Blue Heron Blvd.
Riviera Beach, Fl. 33404

Mayor Bishop Thomas Masters
The City of Riviera Beach, Florida
600 West Blue Heron Blvd.
Riviera Beach, Fl. 33404

Ms. Daphne Duret
Palm Beach Post Staff Writer
The Palm Beach Post Newspaper
P.O. Box 24700
West Palm Beach Fl. 33416

Respectfully submitted,
Reginald Eugene Grimes, Sr.
Reginald Eugene Grimes, Sr.
#0067253 / South-10-B
Palm Beach County Jail
P.O. Box 24716
West Palm Beach, Fl. 33416

40 of 40

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

REGINALD EUGENE GRIMES, SR.,
Plaintiff,

FILED by_____ D.C.

OCT 17 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. - W.P.B.

CASE NO. 12-80903-CIV-RYSKAMP

MAGISTRATE JUDGE P.A WHITE

V.

CITY OF RIVERA BEACH, FLORIDA,
OFC. CORNELIUS MCGRIFF #5639,
OFC. CHARLES BAHRUTH #5635,
ASST. CHIEF DAVID IRA HARRIS #1662,
et.Al.,
Defendants

## PRO SE
## AMENDED COMPLAINT

Plaintiff sues Defendants (City of Rivera Beach, Florida, Ofc. Cornelius McGriff #5639, Ofc. Charles Bahruth #5635, Asst. Chief David Ira Harris #1662, Ofc. Jose Hernandez #5565, Ofc. Jeremy Summers #5563, Det. Jeremy Campbell #5782, Ofc. Claudia Hutchinson #5749, Sgt. Joshua Lewis #4393, Sgt. Peter Modica #4555, Ofc. Jacobs #4953, Sgt. Wilson #?, Ofc. Chris Toffell #?, Ofc. O. Colon #?, Ofc. O. Edwards #?, Ofc. Al. Smith #?, Ofc. F. LaPorta #?, Ofc. Ramsey #?, Ofc. E.W. Saunders #?, John Doe #?, Et Al.,) for the "Illegal Arrest", "Excessive Force", "Arm Robbery", "False

Reports and Statements", "Official Misconduct", "Conceal-Ment of Legal Documents", And Failure to Perform Duty required of Officer" in violation of "Plaintiff's" 4th, 5th, and 14th United States Constitutional Amendants, which cause for "Plaintiff's" "Illegal Detention", "Physical", "Mental", "Emotional "And "Financial" "Injuries", "Pain "And "Suffering "in the Amount of $10,000,000.00 dollars and Alleges as for said "Injuries" And "Negligence."

(#1) This is An Action for the Illegal Arrest, Excessive Force, Arm Robbery, False Reports and Statements, Official Misconduct, Concealment of Legal Documents, And Failure to Perform Duty Required of Officer, in violation of "Plaintiff's" 4th, 5th, And 14th United States Constitutional Amendments, which cause for "Plaintiff's" Illegal Detention, Physical, Mental, Emotional, And Financial, Injures, Pain, Suffering and Negligence greater than $5,000,000.00 dollars, but less than $15,000,000.00 dollars.

(#2) On July 6, 2011, round About 1:52 A.M., Plaintiff and "Latoya R. Cooper (date of birth 10/6/79)" was driving in the Monroe Heights Area in the City of Riviera Beach, Florida, on the 1100 Block of 24th Street, in the residental area of Plaintiff's Parents (Mr. & Mrs. Leon (Annie) Grimes).

(#3) At no time did Plaintiff commit Any type of Traffic Infraction in the process of traveling to Latoya R. Cooper's residence on 34th Street, in Riviera Beach, Florida.

(2 of 40)

(#4) While Plaintiff was at the Stop Sign on 28th Street and Avenue "O" in the City of Riviera Beach Florida a unknown car with "No Lights on (Head lights or Interior lights)" pulled up behind Plaintiff's 1997 Purple 4 door tinted window Dodge Neon, in which said manner of the driver of the unknown vehicle, placed Plaintiff and Latoya R. Cooper (Passenger), in a Panick State of Mind, because of the unknown drivers actions And because on September 30, 1993, Plaintiff was shot in the back with a Assault rifle by a unknown Assailant, and there have been numerous Robberies and shootings in the Palm Beach County, Florida area. (See Exhibits - "Y" & "AA").

(#5) Once Plaintiff starting driving North on Avenue "O" from 28th Street, said unknown driver of said unknown car behind Plaintiff's car, for unknown reasons turned on their Headlights on High Beam, which caused Plaintiff zero (0) visibility in Plaintiff's Rear View Mirrors.

(#6) While Plaintiff continue to drive to 30th Street and Avenue "O" said unknown car behind Plaintiff continued to follow Plaintiff's car close behind with High Beam Headlights shining in Plaintiff's rear view Mirrors which cause Plaintiff to continue to Panick, in which Plaintiff turned on Plaintiff's Emergency Flasher Lights And Plaintiff attempted to find a lighted area to reach at 27 mph.

(#7) Once Plaintiff reached 32nd Street and Avenue "M", Plaintiff attempt to turn left in a lighted area, when out of nowhere "Officer Charles Bahruth #5635," K-9 Unit Officer for The Riviera Beach Police Department deliberately and intentionally crashed into Plaintiff's car (See Exhibit - "F" - A copy of page 2 of 5, of the CAD Operation Report, for Call Number 20110706025, Printed 07/06/2011 at 2:34 A.M., for Agency Report No. 84-11-06923), which pushed Plaintiff's car into the concrete curb and on to the lawn of 1190 West 32nd Street, Riviera Beach, Florida, 33404, (See Exhibit "A" - A copy of the photographs to show "Ofc. Charles Bahruth's #5635" Actions of wrecking Plaintiff's car) in violation of Plaintiff's "Constitution of the State of Florida, Article I, Section 2 (Basic Rights), 9 (Due Process), 12 (Searches and Seizures) and 23 (Right of privacy); And The United States Constitution Amendments 4th (~~crossed out~~), 5th (Due Process), And (14th (Due Process).

(#8) Plaintiff instructed Latoya R. Cooper (the passenger) that because Plaintiff's car has dark tinted windows, that she (Ms. Cooper) must take her Identification out of her pocketbook and get out of Plaintiff's car and lay face down on the grassy yard, while Plaintiff exit said car with Driving Licence in between Plaintiff's left finger tips and wallet in Plaintiff's right hand, while Plaintiff lay face down on the Road next to Plaintiff's car, in which Plaintiff nor Latoya R. Cooper posed no threat of bodily harm to The Riviera Beach Police Officers or to anyone else.

(4 of 40)

(#9) On July 6, 2011, round about 2:10 a.m., while Plaintiff lay face down, arms stretched straight above Plaintiff's head, posing No threat of bodily harm to the Riviera Beach Police Officers or to anyone else, in which Officer Charles Bahruth #5635, placed his Police issued firearm to Plaintiff's head with his (Bahruth's) hand shaking in which Plaintiff was able to see through Plaintiff's peripheral vision, At that time Plaintiff ask Officer Bahruth, "Sir would You Please remove your gun from my head", in which Officer Charles Bahruth #5635, stated ~~the~~ "Shut up Nigga" twice (2 times) while hitting Plaintiff in the head and face with his (Bahruth's) Riviera Beach Police Department issued firearm, in which is a violation of Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches and Seizures) And 23 (Right of privacy); And A violation of The United States Constitutional Amendments 4th ( ~~[redacted]~~ ~~[redacted]~~ ), 5th (Due Process), And 14th (Due Process); And A violation of 18 U.S.C. §242 (Deprivation of Rights under color of law). (See Exhibit-"A"- Please note Plaintiff have color photographs of Plaintiff's wrecked car and physical injuries, caused by Officer Charles Bahruth #5635).

(#10) Plaintiff would like the records to reflect that "Asst. Chief David Ira Harris #1662" And "Ofc. F. Laporta #.?" Witness ~~[redacted]~~ Along with "Sgt. Wilson #.?", "Ofc. Al. Smith" And "Ofc. O. Colon", The Riviera Beach Police Officers (Charles Bahruth #5635, Cornelius McGriff #5639, Jose Hernandez #5565, Jeremy Summers #5563, Joshua Lewis #4393, Peter Modica #4555, ~~[redacted]~~ Jeremy Campbell #5782, And John Doe #.? ~~[redacted]~~)

Physically Assault Plaintiff And Unknown Officers physically Assault Latoya R. Cooper[1], while Plaintiff And Latoya R. Cooper Both lay face down on the ground posing No threat of bodily harm to The Riviera Beach Police Officers or to anyone else. (See Exhibit -"C-1" - A copy of Plaintiff's St. Mary's Hospital Documents And See Exhibit- "C-2" - A copy of Latoya R. Cooper's Columbia Hospital Documents), in which is a violation of Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches And Seizures) And 23 (Right of Privacy); And a violation of The United States Constitutional Amendments 4th (~~crossed out~~), 5th (Due Process) And 14th (Citizenship Rights); And a violation of 18 U.S.C. § 241 (Conspiracy Against Rights), And 18 U.S.C § 242 (Deprivation of Rights under color of law).

#10   On July 6, 2011, round about 2:10 A.m. – 2:15 A.m. Plaintiff's PERSONAL PROPERTY ($670.00 dollars (Six-Hundred And Seventy Dollars)) Along with Ten (10) $20.00 dollar (Twenty Dollar) And Three (3) $60.00 dollar (Sixty Dollar) Comedy Tickets for the July 18, 2011 "RICHARD PRYOR TRIBUTE COMEDY SHOW" At the Airport Hilton Hotel, 150 Australian Avenue, West Palm Beach, Florida, 33406, were Illegally taken from Plaintiff by "Officer Cornelius McGriff #5639", "Sgt. Joshua Lewis #4393", And "Officer O. Colon #?" "Hernandez" Never returned to Plaintiff, (See Exhibit -"B" - A copy of the different "Comedy Shows" And the "Live Web Show" that Plaintiff participated in which was "The Bernie Mac" And "Richard Pryor" Comedy Shows, And The "Live Web Cam" of

6 of 40

the Best "Comedian", "Rapper", "Blues Singers", "R/B Singers", "Country Singers", "Gospel Singers", "Pop Singers" And "Rock in Roll Singers") in which said Illegal Acts by Defendants (McGriff, Lewis, Colony, and Hernandez) is a violation of Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches And Seizures) and 23 (Right of Privacy); And A violation of The United States Constitutional Amendments 4th (Search And Seizure), 5th (Due Process) and 14th (Citizenship Rights).

Also review Exhibit – "N" – which is A Palm Beach County Sheriff's Office Property Receipt, that shows value $660, which is Impossible for my medication "Diazepam 10MG Tablets"; Quantity 56, that only cost a total of $28.00 dollars (Twenty–Eight Dollars). (See Exhibit – "L" – A copy of Plaintiff's Patient Profile, dated Range: 1/11/2011 – 7/18/2011, from "Cherry Road Pharamcy, 1280 North Military Trail, West Palm Beach, Fl. 33409).

(#12)   On July 6, 2011, Sgt. Peter Modica #4555, contacted the Medics On behalf of Plaintiff's Injuries (Head, Face, Neck, Back, Wrist, ~~and~~ Knees And Legs), in which the Medics Staff had Released Plaintiff As though Plaintiff had No ~~in~~ Injuries.

(1)"Please note that the Unknown Officers who Assaulted "Latoya R. Cooper" Made her "Urinate" in her clothes, handcuff her And transported her to the Police Station that place her under Duress, Intimidation And Fear".

#13 On July 6, 2011, Officer Claudia Hutchinson #5749, took photographs of Plaintiff's Injuries and the inside and outside of Plaintiff's CAR.

#14 On July 6, 2011, round about 2:35 a.m. Plaintiff was taken to Saint Mary's Medical Center, West Palm Beach, Florida, because of Plaintiff's Injuries caused by the Defendants (Bahruth, McGriff, Hernandez, Summ- ers, Lewis, Modica, Campbell and John Doe), in which Plaintiff was placed in Room 5 and the Staff at Saint Mary's Medical Center "REFUSED" (after Plaintiff's re- peated Request) to take Photographs of Plaintiff's Inju- Ries, which cost a Total Charge of $1,712.18 (One-Tho- usand and Seven thousand and Twelve Dollars and Eigh- teen Cent), under Patient Reference Number: 0571919. See Exhibit - "C-1" - A copy of the Saint Mary's Medical Center "Statement" in which consist of 4 of 4 pages.

#15 On July 6, 2011, Officer Cornelius McGriff #5639, wrote a three (3) page Narrative Report for Agency Report No. 84-11-06923, (See Exhibit- "D") that is deliberately Falsified, in violation of Plaintiff's Florida Constitutional Rights, Article I, Sections 2 (Basic Rights), 9 (Due Process), ~~and 12~~ (Searches and Seizures), and 23 (Right of Pri- vacy); and a violation of The United States Constitutional Amendments 4th (Search and Seizure), 5th (Due Process) and 14th (Citizenship Rights).

Also On July 6, 2011, Officer Cornelius McGriff #56-39, wrote a two (2) page Probable Cause Affidavit for Agency Report No. 84-11-06923 (See Exhibit-"E") that is Perjury under oath, in violation of Plaintiff's Florida Constitutional Rights, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches And Seizures) And 23 (Right of Privacy); And A violation of The United States Constitutional Amendments 4th (Search And Seizure), 5th (Due Process), And 14th (Citizenship Rights).

Now this is what makes the Narrative Report (See Exhibit-"D") "Falsified" And the Probable Cause Affidavit (See Exhibit-"E") "Perjury under oath":

(A) Ofc. McGriff states "At 2:20 A.M. he (McGriff) Along with other Defendants witness Plaintiff traveling Westbound And failed to stop At the stop sign on 25th Street And Avenue "O"; (See Exhibit-"I" And "W");

(B) Ofc. McGriff states "that based on the traffic infractory, Agents instructed Ofc. Bahruth, driving A marked police CAR to stop Plaintiff's CAR; (See Exhibit-"I");

(C) Ofc. McGriff states "Ofc. Bahruth Activated lights And sirens on Avenue "O" And West @ 22th Str."; (See Exhibit-"W"- Which states "At 1:54 A.M. Officer Bahruth Call Detail Information And Incident location 3000 Avenue O, Not 25th And Ave. "O" Nor 27th And Ave. "O");

(9 of 40)

(D) Ofc. McGriff states "Plaintiff refused to stop for a marked police vehicle" and "Plaintiff fled from law enforcement at speeds of up to 45 miles per hour";

(E) Ofc. McGriff states "Plaintiff drove in a willful and wanton disregard for road conditions and pedestrians who were present in the roadway" (Ex-"F");

(F) Ofc. McGriff states "that he (McGriff) and Agents and Ofc. Bahreth witness Plaintiff drive in the opposite lane in Asst. Chief David Harris path on 32nd Street, in which Asst. Chief Harris had to drive onto a sidewalk almost ~~struck~~ striking a fence" (Ex-"F");

(G) Ofc. McGriff states "Plaintiff lost control of his (Plaintiff's) vehicle and drove through the front yard at 1190 West 32nd Street" (See Exhibit-"F");

(H) Ofc. McGriff states "Plaintiff exited his vehicle and attempted to flee. After a short foot pursuit, Plaintiff was taken into custody" (See Exhibit-"A");

(I) Ofc. McGriff states "An inventory search of the vehicle was conducted." (See Exhibit-"K"-Inventory Sheet Not Shown)"

(J) Ofc. McGriff states "Located by Agent Hernandez under the driver's seat of the vehicle was a yellow pill bottle without a label," (See Ex-"A"-Photographs of Ofc. Joshua Lewis #4393, in Plaintiff's car);

(16 of 40)

(K) Ofc. McGriff states "The bottle contained forty four (44) blue Oxycodone pills, commonly known as "blues";

(L) Ofc. McGriff states "The pills, identified using the Drug Bible, weighed approximately 7.8 grams." And

(M) Ofc. McGriff states "Plaintiff was taken St. Mary's Hospital for a small laceration Plaintiff sustained during Plaintiff's attempted flight from police." (See Ex-"C-1").

#16   On July 6, 2011, Officer Charles Bahruth #5635, wrote a One (1) page Narrative Report for Agency Report No. 84-11-06923, (See Exhibit-"I") that is deliberately falsified, in violation of Plaintiff's Florida Constitutional Rights, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches And Seizures), And 23 (Right of Privacy); And a violation of The United States Constitutional Amendments 4th (Search And Seizures), 5th (Due Process), And 14th (Citizenship Rights).

Now this is what makes the Narrative Report (See Exhibit-"I") "Falsified":

(A) Ofc. Bahruth states "At 2:04 A.M. he (Bahruth) witness Plaintiff traveling west and failed to stop at the stop sign on 25th Street and Avenue "O". (See Exhibit-"W")

(11 of 40)

(B) Ofc. Bahruth states "I (Bahruth) got behind the vehicle and attempted to initiate a traffic stop in the 2700 Block of Avenue "O", by turning on my (Bahruth) blue lights and siren." (See Exhibit-"W");

(C) Ofc. Bahruth states "The vehicle failed to yield to my (Bahruth's) emergency vehicle and continued to travel north bound on Avenue "O", at approximately thirty five miles per hour." (See Exhibits-"D" and "E", which states 45 mph );

(D) Ofc. Bahruth states "A lengthy vehicle pursuit ensued.";

(E) Ofc. Bahruth states "At one point during the pursuit I (Bahruth) observed Assistant Chief Harris traveling west bound in the 1300 Block of West 32nd Street in his correct lane of travel, with his blue lights activated.";

(F) Ofc. Bahruth states "As the pursuit traveled east bound in the 1300 Block of West 32nd Street I (Bahruth) observed the purple Dodge Neon, for an unknown reason, enter Assistant Chief Harris's lane of travel, forcing Assistant Chief Harris's to drive his vehicle onto the sidewalk to avoid being struck by the purple Dodge Neon." (See Exhibit-"F");

(G) Ofc. Bahruth states "It should be noted that several times during the pursuit I (Bahruth) observed the driver of the purple Dodge Neon, make several furtive movements towards the center console area and passenger side floorboard area of the vehicle." (See Exhibit-"A"-which has dark tinted windows);

12 of 40

(H) Ofc. Bahruth states "The vehicle pursuit ended when the driver of the purple Dodge Neon lost control of the vehicle and crashed into the front yard of 1180 West 32nd Street."; (See Exhibit-"A" Which shows Bahruth crash into Plaintiff's car) and Exhibit-"F");

(I) Ofc. Bahruth states "At that time I observed the driver of the vehicle, later identified as Plaintiff, exit the driver's side door and attempt to flee by running east bound direction, Plaintiff was apprehended by other units a short distance later"; ~~And~~ (See Exhibit-"A")

(J) Ofc. Bahruth states "I (Bahruth) had no further contact with Plaintiff." (Exhibit-"A");

(#17) On July 6, 2011, Assisant Chief David ~~Ira~~ Harris #662, wrote a one (1) page Narrative Report for Agency Report No. 84-11-06923 (See Exhibit-"J") that is deliberately falsified, in violation of Plaintiff's Florida Constitutional Rights, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches and Seizures), and 23 (Right of Privacy); and a violation of The United States Constitutional Amendments 4th (Search and Seizures), 5th (Due Process), and 14th (Citizenship Rights).

Now this is what makes the Narrative Report (See Exhibit-"J") "Falsified":

(13 of 40)

(A) Asst. Chief HARRIS states "Ofc. Bahruth Attempted to Stop A vehicle in the 2700 block of Avenue O." (Ex. "W");

(B) Asst. Chief HARRIS states "The driver of the vehicle Refused to stop while Officer Bahruth had his Siren and Lights Activated". (See Ex.-"A");

(C) Asst. Chief HARRIS states "I (Asst. Chief HARRIS) proceeded to travel westbound on West 32 Street from Avenue O". (See Ex.-"F" Which Never States "HARRIS" WAS ON 32nd Str.);

(D) Asst. Chief HARRIS states "I stopped my ~~Patrol Vehicle~~ Police Vehicle in the West Bound lane of traffic, in the 1300 Block of West 32 Street." (See Ex.-"F");

(E) Asst. Chief HARRIS states "I Activated my Blue Lights And wig wags". (See Ex.-"F");

(F) Asst. Chief HARRIS states "The driver of the Neon was in the east bound lane, 1400 block of West 32 Street." (Ex.-"F");

(G) Asst. Chief HARRIS states "In the 1300 Block, The driver proceeded to change lanes and ~~then~~ travel in the West bound lane, Now driving directly toward my (HARRIS) vehicle". (Ex.-"F");

(H) Asst. Chief HARRIS states "My (HARRIS) vehicle was stopped in the proper lane of traffic". (See Ex. "F");

(I) Asst. Chief HARRIS states "I immediately had to conduct evasive maneuvers and drive my (HARRIS) vehicle onto the side walk" (Ex. - "F");

(J) Asst. Chief HARRIS states "The driver continued in my (HARRIS) lane until he reached West 32 Street and Avenue "O";

(K) Asst. Chief HARRIS states "After a short distance of this encounter Driver lost control of the vehicle and crashed in the yard of 1180 West 32 Street". (Ex - "F");

(L) Asst. Chief HARRIS states "The driver of this vehicle Intentionally drove into the westbound lane of traffic to crash into my (HARRIS) vehicle"; (See Ex. - "F");

(M) Asst. Chief HARRIS states "I (HARRIS) had to drive my vehicle completely onto the side walk to stop them being struck by the vehicle". (See Exhibit - "F");

#18) On July 6, 2011, Plaintiff was Illegally arrested by "Officer Charles Bahruth #5635" and Falsely charged by "Officer Cornelius McGriff #5639," with the following:

"Trafficking in Oxycodone", Fla. Stat § 893.135(1)(c)(1a;

15 of 40

"Aggravated Assault on Law Enforcement Officer (Motor Vehicle)", Fla. Stat § 784.07 (2)(c);

"Felony, Fleeing to Elude Marked Police Vehicle", Fla. Stat § 316.1935(2);

"Resisting Arrest _without violence_", Fla. Stat. § 843.02;

"Criminal Mischief, less than $300.00", Fla. Stat § 806.13(b)(1); (See Exhibit-"E" - A copy of the "Probable Cause Affidavit"). Florida Uniform Traffic Citation (s):

7054-GHF - Violation of a "Traffic Control Device (See Exhibit-"G")" which states the following for Fla. Stat. 316.074(1):

(A) That Plaintiff was traveling _East_ on the 2500 Block of Avenue "O", on July 6, 2011, at _2:20 A.M._ (See Ex.-"W");

(B) Aggressive Driving "_No_";

(C) Crash "_No_";

(D) Property Damage "_No_";

(E) Injury to Another "_No_";

(F) Serious Bodily Injury to Another "_No_"; And

16 of 40

(G) Fatal "_No_";

in which also states "Infraction Which Does Not Require Appearance in Court".; And

7055-GHF- violation of a "Felony Fleeing to Elude (see Exhibit-"H")" which states the following for Fla.Stat. 316 .1935(2):

(A) That Plaintiff was traveling _North_ on the 2700 Block of Avenue "O", on July 6, 2011, at _2:20 A.M._, when said "Alleged felony fleeing to elude marked police vehicle", allegedly occurred And Officer Charles Bahruth #5635, was the Witness; (Ex-"W");

(B) "_No_" Unlawful speed;

(C) Careless Driving "_No_";

(D) "_No_" Improper Change of Lane or Course;

(E) Aggressive Driving "_No_";

(F) Crash "_No_";

(G) Property Damage "_No_";

(H) Injury to Another "_No_";

(I) Serious Bodily Injure to Another "_No_"; And

(J) FATAL "No";

in which had also stated before being crossed out "Infraction Which Does Not Require Appearance in Court.

(#19) Plaintiff would like the records to reflect that "Officer Cornelius McGriff #5639" on July 6, 2011, wrote a "Narrative Report (See Exhibit-"D")," And A "Probable Cause Affidavit (See Exhibit-"E")," for Agency Report No. 84-11-06923, which both state "pursuit (See Attached CAD Operations Report)"; And the "Probable Cause" fail to state "Further Investigation of the pills found in the vehicle was conducted to verify its identity as Grimes stated that the pills were not Oxycodone" (See Exhibit-"D" And compare to Exhibit-"E") In which is a violation of Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process) 12 (Search And Seizures); And a violation of The United States Constitutional Amendments 4th (Search And Seizure) 5th (Due Process), And 14th (Citizenship Rights).

(#20) On July 6, 2011, "Sgt. Joshua Lewis's #4393" conducted A Illegal Search of Plaintiff's 1997 purple Dodge Neon by looking In the closed console And Retrieved Plaintiff's Medication (44 Diazepam 10 MG Tablets) that was prescribed to Plaintiff And obtained on June 29, 2011, in which Plaintiff start taking on June 30, 2011 until July 5, 2011, (Two (2) A day which added up to Twelve (12), subtract 56, leaves 44) And Either "Sgt. Joshua Lewis #4393" or "Officer Jose Hernandez #5565" Removed Plaintiff's Medicine label off of Plaintiff's Medicine Bottle,

(See Exhibit-"J") in which is a violation of Plaintiff's Rights under Florida Constitutional, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search and Seizures) And 23 (Right of Privacy); And a violation of The United States Constitutional Amendments 4th (Search and Seizures), 5th (Due Process), And 14th (Citizenship Rights), in which NO INVENTORY SEARCH FORM was ever prepared in behalf of Agency Report No. 84-11-06923, for the Illegal Search of Plaintiff's car on July 6, 2011. (See Ex.-"K"- Shows No Inventory Search Form);

(#21) On July 6, 2011, At 2:34 A.m., for Call Number: 20110-706025 (CAD Operations Report), in behalf of Agency Report No. 84-11-06923, A five (5) page "CAD Operations Report" was printed but The Riviera Beach Police Department "ONLY" supplied page "2 of 5" (See Exhibit-"F"- Page 2 of 5, of the July 6, 2011, CAD Operations Report, Printed At 2:34 A.m. for Call Number: 20110706025), which means that pages 1 of 5, 3 of 5, 4 of 5, And 5 of 5 Are Missing And a complete review of Exhibit-"D" And Exhibit-"E", Shows that the "CAD Operations Report" is a part of the Narrative Report And Probable Cause Affidavit, that was prepared by "Officer Cornelius Mc Griff #5639, And said missing pages (1 of 5, 3 of 5, 4 of 5, And 5 of 5) makes the "Probable Cause Affidavit" for Agency Report No. 84-11-06923 Incomplete And Not a valid Legal Document And a violation of Plaintiff's Rights under Florida Constitutional, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search And Seizures); And a violation of The United States Constitution

(19 of 40)

Amendments 4th (Search And Seizures), 5th (Due Process), And 14th (Citizenship Rights).

(#22) On July 6, 2011, A "Felony Division Evidence Check-list" (See Exhibit-"K") was prepared by "Officer John Doe #?" of The Riviera Beach Police Department, that states "Other: All Evidence Listed in police reports", in which Means the "CAD Operations Report" Call Number: 20110-706025, Printed July 6, 2011, At 2:34 A.m., which consist of "Five (5) Pages" is Apart of The Probable Cause Affidavit for Agency Report No. 84-11-06923, that Makes it ("The Probable Cause Affidavit") Complete) And A Legal Document, And without the "Five (5) Page" CAD Operations Report Makes Plaintiff's Incarceration Illegal (And A violation of Plaintiff's Rights under Florida Constitutions, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search And Seizures) And 23 (Rights of Privacy); And A violation of The United States Constitutional Amendments 4th (Search and Seizures), 5th (Due Process), And 14th (Citizenship Rights).

(#23) On July 6, 2011, Plaintiff Repeatedly Request that the Palm Beach County Sheriff's Office, Main Detention Center, Intake Deputy (Deputy Hanph #6960) take Photographs of Plaintiff's "Injuries" that were completely visible, in which the Arresting Officer (Cornelius McGriff #5639) Advised Intake Deputy Hanph #6960, Not to take Any Photographs of Plaintiff's "Injuries" And They (The Intake Deputies) Did Not take the Required Photographs of Plaintiff's Injuries upon en-

tering said Palm Beach County Sheriff's Main Detention Center Facility, (See Exhibit-"M"-A copy of the "Arrest/Notice to Appear Report ~~(2 pages)~~ (2 pages) dated July 6, 2011, And signed by the Intake Deputy (Deputy Hamph #6960) And Officer Cornelius McGriff #5639), in which is a violation of Plaintiff's Rights under Florida Constitutions, Article I, Sections 2 (Basic Rights), 9 (Due Process), And 17 (Excessive Punishment), And a violation of The United States Constitutional Amendments 4th (Excessive Force), 5th (Due Process), And 14th (Citizenship Rights).

(#24) On July 7, 2011, A Palm Beach County Sheriff's Office Property Receipt, was prepared by The Riviera Beach Police Department, in behalf of Agency Report No. 84-11-06923, which states:

Item # - 1
Qty. - 44
Value - $660
Description of Property - yellow pill bottle w/o label containing 44 Oxycodone. (See Exhibit-"N").

(#25) On July 12, 2011, the Investigator for The Public Defender's Office, in West Palm Beach, Florida, came to The Palm Beach County Sheriff's Main Detention Center, and took Photographs of Plaintiff's Injuries. (See Exhibit-"A")

Also on July 12, 2011, Latoya R. Cooper filed a "Affidavit of Complaint" And "Citizen-Officer Complaint Form" for CAD#11-0706025 for the July 6, 2011, Assaults, (See Exhibit-"Y") on Cooper & Plaintiff

(21 of 40)

#26) On July 14, 2011, Public Defender Nicole Jones, I.D #67-4966, received a copy of Plaintiff's Patient Profile, dated Ranges 1/1/2011 - 7/14/2011, from Cherry Road Pharamcy, 1280 North Military Trail, West Palm Beach, Fl. 33409, (See Exhibit - "L"), that shows Plaintiff's prescribed Medication that was received On June 29, 2011.

#27) On July 20, 2011, (ASA) Thomas S. Lawson, I.D. #372536, wrote a Florida Uniform Traffic Citation 4679-GPH-Trafficking in Oxycodone, Fla. Stat. 893.135 (1)(c)(1a), (See Exhibit - "O"), in behalf of the Illegal Arrest of Plaintiff on July 6, 2011.

#28) On July 22, 2011, (ASA) Thomas S. Lawson, I.D. #37-2536, filed charges Against Plaintiff in behalf of the July 6, 2011, Illegal Stop, Arrest, Excessive Force, And Falsified Probable Cause Affidavit, for Agency Report No. 84-11-069233, (See Exhibit - "P"), in which Plaintiff was Armed Robbery.

#29) On July 28, 2011, The Palm Beach County Sheriff's Senior Forensic Scientist (Ms. Beth R. Rosenthal) filed a Chemistry Report (See Exhibit - "Q"), that shows the "Result And Conclusions" for Plaintiff's Medication is "44 blue half-scored tablets, "10" 2/3927" Are "DIAZEPAM" Schedule IV And Not Oxycodone, in which said "Results" were supplied to The Riviera Beach Police Department And The State Attorney's Office on July 28, 2016

#30  On November 30, 2011, (Please keep in mind that The Riviera Beach Police Department And The State Attorney's Office, on July 28, 2011 (Four Months prior) both received "Exhibit – "Q" ""which shows "DIAZEPAM" Schedule IV, Medication), Officer Cornelius McGriff #5634, prepared a "Knowingly", "Deliberate", "False" "Perjuried", "Misleading", And "Incomplete" Affidavit And Application for Search Warrant, that was Reviewed And Approved by (ASA) Thomas S. Lawson, I.D. #372536, that was presented to The Honorable Circuit Judge KATHLEEN KROLL, In and For Palm Beach County, Florida, for the 15th Judicial Circuit, In order to ~~obtain~~ obtain a "Illegal Search Warrant" for Plantiff's "Deoxyribonuc lic Acid (DNA)" by stating the following {See Exhibit – "R"} :

(A) That a felony has been committed, to wit : Trafficking in Oxycodone, in violation of Florida State Statue 893.135 (1) (c) 1.A. " { See Ex – "Q" ) ;

(B) Ofc. McGriff states "At 2:20 A.M. on July 6, 2011, he (McGriff) Along with other Defendants (Summers, Campbell, And Hernandez) witness Plantiff traveling westbound And failed to stop At the stop sign on 25th Street And Avenue "O" " { See Ex – "I" & "W") ;

(C) Ofc. McGriff states " that based on the traffic intraction, Agents Instructed Ofc Bahruth, driving A marked police car to stop Plantiff's car" { See Ex – "I ") ;

23 of 40

(D) Ofc. McGriff states "Ofc. Bahruth Activated lights And Sirens on Avenue "D" And West 27th Street"; (Ex-"W");

(E) Ofc. McGriff states "Plaintiff refused to stop for A Marked police vehicle" And "Plaintiff fled from law enforcement At speeds of up to 45 miles per hour" (Ex-"I");

(F) Ofc. McGriff "Deliberately Removed "pursuit (see Attached CAD Operations Report)" from the "Affidavit And Application for Search Warrant" (See Ex's — "D" "E" & "R"); in which Judge Kathleen Kroll NEVER knew;

(G) Ofc. McGriff states "Plaintiff drove in a willful And wanton disregard for Road conditions and pedestrains who were present in the Roadway" (Ex-"F");

(H) Ofc. McGriff states "that he (McGriff) And Agents And Ofc. Bahruth witness Plaintiff drive in the opposite lane in Asst. Chief David Harris path on 32nd Street, in which Asst. Chief Harris had to drive onto A sidewalk Almost striking A fence" (See Ex-"F");

(I) Ofc. McGriff states "Plaintiff lost control of his (Plaintiff's) vehicle And drove through the front yard At 1190 West 32nd Street", (See Exhibit-"A" And "F");

(J) Ofc. McGriff states "Plaintiff Exited his vehicle and attempted to flee. After a short foot pursuit, Plaintiff was taken into custody <u>After struggling to gain Control of him due to his Active Resistance</u>".

Now what Ofc. McGriff has done is after four (4) Months and twenty-four (24) days (from July 6, 2011 until November 30, 2011) is Added from out of Nowhere these words for Probable Cause:

"After struggling to gain control of him due to his Active Resistance", (See Ex's-"D" & "E").

(K) Ofc. McGriff states "An inventory search of the vehicle was conducted", (See Ex-"F"), in which there is "No inventory search list on Record for Agency Report No. 84-11-06923."

(L) Ofc. McGriff states "Located by Agent Hernandez under the driver's seat of the vehicle was A yellow pill bottle without A label, "(See Ex-"A"-Photographs of Ofc Joshua Lewis #4393, in Plaintiff's Car);

(M) Ofc. McGriff states "The bottle contained forty four (44) blue Oxycodone pills, commonly known As "blues", (See Ex.-"Q"), in which Ofc. McGriff Knew that said statement was made under Perjury because since July 28, 2011 All Defendants (McGriff, Et Al.,) Knew that Plaintiff's Medication

25 of 40

WAS in fact "Diazepam" and not Oxycodone;

(N) Ofc. McGriff states "The pills, identified using the Drug Bible, weighed Approximately 7.4 grams."; And

(O) Ofc. McGriff states "Plaintiff was taken St. Mary's Hospital for a small laceration Plaintiff sustained during Plaintiff's Attempted flight from police." (See Ex-"A" And "C-("); 

(P) Ofc. McGriff stated "Oxycodone" seven (7) times in the "Affidavit And Application for Search Warrant" dated November 30, 2011, when he (McGriff) knew since July 28, 2011, that Plaintiff's Medication was and is Diazepam, A Schedule IV." (See Ex-"Q").

Plaintiff would like the records to reflect Ofc. Cornelius McGriff #3639, Deliberately Falsified the "Affidavit And Application for Search Warrant" (See Ex-"R") in violation of Plaintiff's Rights under Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Search And Seizures), And 23 (Right of Privacy); And A violation of The United States Constitutional Amendments 4th (Search And Seizures), 5th (Due Process), And 14th (Citizenship Rights).

(#31) On November 30, 2011, The Honorable Circuit Judge KATHLEEN KROLL, signed the Illegal Search Warrant to seize Plaintiff's "Deoxyribonucleic Acid (DNA). (See Ex-"S").

Plaintiff would like the records to reflect that said Illegal Search Warrant is a violation of Florida's Constitutional Rights, Article I, Section 2 (Basic Rights), 9 (Due Process), 12 (Search and Seizures), and 23 (Rights of Privacy); And a violation of The United States Constitutional Amendments 4th (Search and Seizures), 5th (Due Process), and 14th (Citizenship Rights).

(#32)   On November 30, 2011, Officers Cornelius McGriff #5639 and Christoffell #?, both Officers for The Riviera Beach Police Department, knowingly presented the "Illegal Search Warrant" to the Palm Beach County Sheriff's Office, Main Detention Center, Staff (CSP Maze) and (Deputy Phillips), In West Palm Beach, Florida, in order to Illegally obtain Plaintiff's "Deoxyribonucleic Acid (DNA)", In which Officers Cornelius McGriff #5639 and Christoffell #?, came in the County Jail on the 4th floor in the South Tower at 12:23 p.m. and presented Plaintiff the "Illegal Search Warrant" And stated Aggressively to Plaintiff that said Requested "DNA" must be given by "Choice" or "Force"; In which Plaintiff supplied Against Plaintiff's "Free Will", in the presence of "Deputy Phillips". (See Exhibit -"T"- The Inventory and Return Sheet).

Now the following should be noted:

(A) "Officers Cornelius McGriff and Christoffell" both wore At All times their "Black Personal Street Gloves" during the Illegal taking of Plaintiff's "DNA";

(B) Officer Cornelius McGriff #5639, had in his posses-sion two (2) different "DNA Swabs";

(C) Officer Cornelius McGriff #5639, never showed Plaint-iff any type of numbering or marking on either "DNA Swab" nor did Officer Cornelius McGriff #5639, show Plaintiff which "DNA Swab" he (McGriff) used;

(D) Officer Cornelius McGriff #5639, open only one (1) "DNA Swab" while wearing said "Black Personal Gloves"; And pull said "DNA Swab" from it's package And handed it to Plaintiff, to Illegally obtain Plaintiff's "DNA";

(E) Officer Cornelius McGriff #5639 Retrieved said "DNA Swab" from Plaintiff while continuing to wear said Personal Black Street Gloves;

(F) Plaintiff is completely unaware of the location of Plain-tiff's "DNA" at this time And there is No Record of said "DNA";

(G) Plaintiff's Live DNA is in the hands of Ofc. Cornelius Mc-Griff #5639, or Ofc. Christoffell #?, or Who knows?

Plaintiff would like the records to reflect that because of Officers Cornelius McGriff's #5639 And Christoffell #? Actions on November 30, 2011, in behalf of the July 6, 2011, Illegal ~~Stop~~ Stop And Arrest, Excessive force, Aggravated Assa-ult, Arm Robbery, Illegal Search And Seizures, Aggravated ~~battery~~, False Reporting to law enforcement, Falsifying records,

28 of 40

perjury during official proceedings, official Misconduct, Con-
cealment of Legal Documents, grand theft And failure to per-
form duty Required of Officer, in which is a violation of Plain-
tiff's Rights under Florida's Constitution, Article I, Sections
2 (Basic Rights), 9 (Due Process), 12 (Search And Seizures),
17 (Excessive force), And 23 (Right of Privacy); And A viola-
tion of The United States Constitutional Amendments 4th
(Excessive Force; & Search And Seizures), 5th (Due Process),
And 14th (Citizenship Rights).

(#33) On January 25, 2012, (ASA) Thomas S. Lawson, I.A. #3725-
36, wrote A Traffic Citation #5632-GUE – "Possession of
Schedule IV Substance", Fla. State 893.13 (6) (a). (See Ex. "U")

(#34) On January 26, 2012 (Six (6) Months After Receiving Exhibit
– "Q"), (ASA) Thomas S. Lawson, I.D. #372536, filed A "Amend-
ed Information against Plaintiff in behalf of the July 6, 2011,
Illegal Stop, Arrest, Excessive Force And Falsified ~~~~~ Probable
Cause Affidavit, for Agency Report No. 84-11-06923, (See
Exhibit-"Y"), in which Plaintiff was Armed Robbed.

(#35) On February 13, 2012, Ofc. Cornelius McGriff #5639, pro-
vided A "Total Different CAD Operations Report" which consist of
6 pages, that is not the July 6, 2011, CAD Operations Report that
consist of 5 pages, for Call Number: 20110706025, Printed at
2:34 A.M. (See Exhibits-"W" & "F"), that's alleged in the Narra-
tive Report (See Exhibit-"D") And Probable Cause Affidavit (See
Exhibit-"E") In which is A violation of Plaintiff's 4th, 5th, & 14th United

(#37) Plaintiff would like the records to Reflect that The City of Riviera Beach Police Department is Attempting to Conseal "Clear and convincing evidence", in which on September 10, 2012, The Law Office of Glen J. Torcivia And Associates, P.A., Northpoint Corporate Center, 701 Northpoint Parkway, Suite 209, West Palm Beach, Florida, 33407-1950, stated to Plaintiff the following:

"In addition, as to your Request for Latoya R. Cooper's July 12, 2011 "Citizen-Officer Complaint", the Police Department, including the Department's Internal Affairs division, has no Records responsive to that Request." (See Exhibit "Z" - The September 10, 2012, letter to Plaintiff from The City of Riviera Beach Police Department, The Law Office of Glen J. Torcivia And Associates, P.A., Northpoint Corporate Center, 701 Northpoint Parkway, Suite 209, West Palm Beach, Florida, 33407)."

Now Plaintiff ask that is Exhibits-"Y-1" and "Y-2" ("Y-1" is the July 12, 2011, "Affidavit of Complaint" for CAD #11-0706025, in behalf of Agency Report No. 84-11-06923, taken by Riviera Beach Police Officer "Lt. R. Wells", in behalf of Latoya R. Cooper) and ("Y-2" is the July 12, 2011, "Citizen-Officer Complaint Form" for CAD #11-0706025, in behalf of Agency Report No. 84-11-06923, taken by Riviera Beach Police Officer "Lt. R. Wells #3099", in behalf of Latoya R. Cooper), the Only Record that "Latoya R. Cooper" filed A Complaint About the ~~Illegal~~ Illegal Acts that took place

(30 of 40)

States Constitutional Amendments.

(#36) Plaintiff would like the records to reflect that since July of 2011, Plaintiff have been complaining About Plaintiff's "Head", "Neck", And "Back Injuries" that has Plaintiff in continuing "Pain", all because of Officers (Charles Bahruth #5635, Cornelius McGriff #5639, Jose Hernandez #5565, Jeremy Summers #5563, Joshua Lewis #4393, Peter Modica #4555, Jeremy Campbell #5782, And John Doe #?); Physical Assault of Plaintiff by crashing Plaintiff's car and by hitting Plaintiff in the Head And Face with his (Bahruth's) firearm, And the Physical Assault of Plaintiff by (Bahruth, McGriff, Hernandez, Summers, Lewis, Modica, Campbell, And John Doe), in which Asst. Chief David Ira Harris #1662, Ofc. F. Laporta #?, Sgt. Wilson #?, Ofc. Al Smith #?, Ofc. Colon #? "Witness" said Physical Assault And NEVER Attempt to Stop said Officers of The Riviera Beach Police Department from Physically Assaulting Plaintiff, in which is A violation of Plaintiff's 4th, 5th, And 14th United States Constitutional Amendments; in which happen on July 6, 2011, And Plaintiff Suffers Right Now today. (See Exhibit-"X").
- The copies of All of Plaintiff's "Sick Call Request" to "Armor Correctional Health, Inc, At The Palm Beach County Sheriffs Office, Main Detention Center, in West Palm Beach ~~Florida~~ Florida).

---

(2) Please note that "The City of Riviera Beach, Florida is completely Responsible for the actions of EACH "Riviera Beach Police Officer" while on Duty, working to Protect the "Citizens" of Riviera Beach Florida and Any human within the boundairs.

(31 of 40)

On July 6, 2011, by the Officers of The Riviera Beach Police Officers, In behalf of Agency Report No. 84-11-06923? OR is there a "Written" or "Recorded" Statement to support said documents ("Y-1" and "Y-2")?

The concealment of "Latoya R. Cooper's" July 12, 2011, Statement of Complaint For Agency Report No. 84-11-069-23, CAD# 11-0706025, is A complete violation of Plaintiff's 4th, 5th, And 14th United States Constitutional Amendments.

(#38) Plaintiff would like the records to reflect that based on the DEFENDANTS (City of Riviera Beach, Florida, And the Officers: Cornelius McGriff #5639, Charles Bahruth #5635, David Ira Harris #1662, Jose Hernandez #5565, Jeremy Summers, Jeremy Campbell #5782, Claudia Hutchinson #5749, Joshua Lewis #4393, Peter Modica #4555, Jacobs #4953, Wilson, Christoffell, Colon, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, Et Al.,) Actions on July 6, 2011, until October, 2012, for the "Illegal Stop, Arrest, Excessive Force, Armed Robbery, False Reports And Statements, Official Misconduct, Concealment of legal documents, And Failure to perform duty required of Officer, is in violation of 18 U.S.C.§ 241 (Conspiracy Against Rights), 18 U.S.C.§ 242 (Deprivation of Rights under color of Law), Florida's Constitution, Article I, Sections 2 (Basic Rights), 9 (Due Process), 12 (Searches And Seizures), 17 (Excessive Punishment), And 23 (Right of Privacy); and a violation

of the United States Constitutional Amendments 4th (Search And Seizures; Excessive Force), 5th (Due Process), And 14th (Citizenship Rights), which cause Plaintiff to "Suffer" the following "Illegal Detention And Seizure", "Physical, Mental, Emotional And Financial Injuries And Pain" because of Defendants "Negligence":

(A) Plaintiff suffered on July 6, 2011 and still suffers "Head, Neck, Face, Back, Wrist, Knees And Legs" Injuries (Excessive force)

(B) Plaintiff's car a purple 1997 Dodge Neon 4 door is completely totaled because of Officer Charles Bahruth's #5635, actions of deliberately using a "Issued" Riviera Beach Police Department K-9 Unit vehicle to run ~~his~~ into the back left side of Plaintiff's vehicle, that pushed Plaintiff's vehicle into a curb and into the front yard of 1190 West 32nd Street;

(C) Plaintiff's $670.00 dollars, ten $20.00 dollar And three $60.00 dollar Comedy tickets were Illegally taken from Plaintiff And Never returned by Defendant(s);

(D) Plaintiff's Medical Treatment have been Discontinued because of said Illegal Incarceration, in which Plaintiff suffered A "Back Injury" ~~one~~ And "Head" ~~one~~ And "Neck" Injury before July 6, 2011, And said Defendants Illegal Acts caused said Injuries to Hurt Much More;

(E) Plaintiff's "Teeth" and "Gum line" have not been clean since Plaintiff's Illegal Incarceration (July 6, 2011, for Agency Report No. 84-11-06923) And Plaintiff have lost two (2) teeth because of lack of everyday hygiene care, which cause Plaintiff oral abscesses, pain, discomfort, tooth and Gum decay, which cause periodontal disease and could contribute to endocarditis, in which said plaque could travel through Plaintiff's gums and into the bloodstream that could gather in Plaintiff's heart and cause a bacterial infection that could kill Plaintiff and Plaintiff's Gold Crown will not be fix by Dental;

(F) Plaintiff's Family Relationship have been Destroyed because of said Illegal Incarceration, since July 6, 2011 for Agency Report No. 84-11-06923;

(G) Plaintiff's "Credit" have been Destroyed because Plaintiff can not keep said credit in order by paying on said debt do to Plaintiff's Illegal Incarceration since July 6, 2011 for Agency Report No. 84-11-06923;

(H) Plaintiff's contribution to the Youth in the Communities of Palm Beach County, Florida and surrounding Counties (Dade and Broward), in the proverty struggling areas, by being a Mentor, have been Destroyed and Plaintiff's credibility is in question because of said Illegal Incarceration for Agency Report No. 84-11-06923; and

(I) Plaintiff's Business Ventures have been Destroyed because of said Illegal Incarceration for Agency Report No. 84-11-06923, in which the following are some of Plaintiff's Business Ventures that have fail:

#1). Plaintiff was a key figure in Promotion of Comedy Shows (Hail to the King Comedy Tour, A Tribute to Bernie Mac; Real Raw Entertainment Presents, A Tribute to Richard Pryor), Etc;

#2). Plaintiff was the Vice President and Vice President of Operation for "Dome Shot Entertainment";

#3). Plaintiff was the General Manager of the Street Team for "The Kouncil Inc.", in which Plaintiff sat on The Broad of Directors;

#4). Plaintiff was the General Manager of the Street Team, and a Major Promotor for "The REAL" which means "Real Entertainers and Losers" that is on "www.ampsty.com", and on "Quillenium.com", and Sponsorshiped by "Budweiser, King of Beer"; "2 Ink Distributing Company"; "Quillenium Entertainment Inc."; "FWE (Free Way Entertainment)"; "APS TV"; "Ring Boyz Legend"; and "Chinadoll"; in which had 5 mil. viewers;

#5). Plaintiff Non-Profit Organization "HELP (High Energy Learning in Progress)", which was design with All Walks of Human Life in Mind, to give those that don't possess a Better outlook on the Positive, life has to offer;

(35 of 40)

#6). Plaintiff have created a Unisex Back Brace for Men And Women, on which said Illegal Arrest And continued Encarceration for Agency Report No. 84-11-06923, caused Plaintiff's Investors to longer have interest in Plaintiff's Idea";

#7). Plaintiff have created a Computerize Video Game, in Which said Illegal Incarceration for Agency Report No. 84-11-06923, caused Plaintiff's Investors to longer have interest in Plaintiff's Idea.

## RELIEF REQUESTED

(A) The Probable Cause Affidavit for Agency Report No. 84-11-06923, in behalf of the July 6, 2011, Illegal Stop, Search, Seizure And Arrest of Plaintiff for Criminal Case No. 2011CF-007124AMB, Booking No. 2011030751, should be "Dismissed with PREJUDICE";

(B) Plaintiff would request that All charges "Criminal And Citations (See Exhibits "D", "E", "G", "H", "M", "O", "P", "U", And "V") be "Deleted" out of All Computers (Riviera Beach Police Department, 600 West Blue Heron Blvd, Riviera Beach, Fl. 33404; Palm Beach County Sheriff's Office, 3228 Gun Club Road, West Palm Beach, Fl. 33406; The Palm Beach County Courthouse (Criminal Division) 205 North Dixie Hwy., West Palm Beach, Fl. 33401; The State Attorney's Office, 401 North Dixie Hwy., West Palm Beach Fl. 33401; The Public Defender's Office, 421 North Dixie Hwy., West Palm Beach, Fl. 33401; And Any Other Courthouse; LAW

Enforcement or Agency that could or would have said Illegal Charges on Record;

( C ) Plaintiff would Request to be awarded the following $100,000.00 in compensatory damages payable individually by The City of Riviera Beach, Florida, McGriff, Bahruth, Harris, Hernandez, Summers, Campbell, Hutchinson, Lewis, Modica, Jacobs, Wilson, Christoffell, Colon, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, Et Al. ;

( D ) Plaintiff would Request to be awarded the following $100,000.00 in punitive damages payable individually by The City of Riviera Beach, Florida, McGriff, Bahruth, Harris, Hernandez, Summers, Campbell, Hutchinson, Lewis, Modica, Jacobs, Wilson, Christoffell, Colon, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, Et Al.;

( E ) Plaintiff would Request to be awarded the following $10,000,000.00 in future and irreparable damages in behalf of Plaintiff's "Illegal Detention", "Physical", "Mental", "Emotional" And "Financial" Injuries, Pain And Suffering And Illegal Acts by The City of Riviera Beach Florida, McGriff, Bahruth, Harris, Hernandez, Summers, Campbell, Hutchinson, Lewis, Modica, Jacobs, Wilson, Christoffell, Colon, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, Et Al., in violation of Plaintiff's 4th, 5th, and 14th United States Constitutional Amendments, And Any Other Relief Deems Just, in behalf of the Negligence cause by the Defendants;

(F) Plaintiff would Request for entitlement to a reasonable Attorney fee and any other cost, Negligence in behalf of Defendants.

(G) Plaintiff would like the records to reflect that if the Defendants (The City of Riviera Beach, Florida, McGriff, Bahruth, Harris, Hernandez, Summers, Campbell, Hutchinson, Lewis, Modica, Jacobs, Wilson, Chrisstoffell, Colony, Edwards, Smith, Laporta, Ramsey, Saunders, John Doe, Et Al.), Refuse to Accommodate Plaintiff by said "Relief Requested, in (A) thur (F)", then Plaintiff would DEMAND A JURY TRIAL, in behalf of said "Injuries", "Criminal and Constitutional Violations and Negligence.

WHEREFORE, Plaintiff Demands Judgment against Defendants (The City of Riviera Beach, Florida, McGriff, Bahruth, Harris, and Et al.), for $100,000.00 in compensatory and punitive damages payable individually and Plaintiff would Request $10,000,000.00 in future and irreparable damages in behalf of Plaintiff's "Illegal Detention", Physical, Mental, Emotional and Financial, Injuries, Pain and Suffering and Illegal Acts by Defendants, in violation of Plaintiff's 4th, 5th, and 14th United States Constitutional Amendments and Defendants Negligence.

## OATH

I HEREBY SWEAR that under Penalty of Perjury that the contents of the foregoing are True and Correct.

Excuted on October 10, 2012.

John A. DeZolt
Notary

Notary Public State of Florida
John A DeZolt
My Commission EE 830917
Expires 08/28/2016

By: Reginald Eugene Grimes Sr
Reginald Eugene Grimes, Sr.
(Date of Birth: August 15, 1963)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A True and Correct copy of the foregoing was mailed "October 10, 2012", to the below listed along with Exhibits (A) thur (AA):

Clerk of Court
United States District Court
Southern District of Florida
701 Clematis Street
West Palm Beach, Fl. 33401

Clerk of Court
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, Fl. 33128

The Honorable District Judge
KENNETH L. RYSKAMP
United States District Court
Southern District of Florida
701 Clematis Street
West Palm Beach, Fl. 33401

The Magistrate Judge
PATRICK A WHITE
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, Fl. 33128

Victoria L. Olds, Esq.
(Attorney for the Defendants)
Olds, Stephens & Harper, P.A.
312 11th Street
West Palm Beach, Fl. 33401

Christy L. Goldeau, Esq.
(Attorney for Riv. Bch Police)
(Department
701 Northpoint Parkway
Suite 209
West Palm Beach, Fl. 33407

Clarence B. Williams III, Chief of Police
The Riviera Beach Police Department
600 West Blue Heron Blvd.
Riviera Beach, Fl. 33404

Mayor Bishop Thomas Masters
The City of Riviera Beach, Florida
600 West Blue Heron Blvd.
Riviera Beach, Fl. 33404

Ms. Daphne Duret
Palm Beach Post Staff Writer
The Palm Beach Post Newspaper
P.O. Box 24700
West Palm Beach, Fl. 33416

Respectfully submitted,
Reginald Eugene Grimes Sr.
Reginald Eugene Grimes, Sr.
#0067253 / South-10-B
Palm Beach County Jail
P.O. Box 24716
West Palm Beach, Fl. 33416

(40 of 40)